Michael Walsh, Respondent, v. John Kelly, Sheriff of the City and County of New York, Appellant.

Where, before the jury is charged, a series of propositions embracing thirteen requests to charge are submitted, and after the charge, the court, as to these requests to charge, as to each and every proposition, refused to charge further or otherwise in respect thereto than as in his charge, and the "counsel thereupon excepted to the said refusal as to each proposition, separately, and also excepted to the charge as made by the court, and each and every part thereof," it being conceded that some of the propositions had been substantially charged, and that portions of the charge, were correct—*Held*, that neither the exception to the charge or to the refusal to charge, raised any question for review upon appeal.

To make a valid exception, it was the duty of the counsel, at the close of the charge, to call the attention of the court to any one of the requests as to which he desired more specific or different instructions.

(Argued April 1st, 1869, and decided June 11th, 1869.)

This is an action of replevin, brought by the plaintiff to recover the possession of a quantity of goods and merchandise, seized and taken by the defendant from plaintiff, in the city of New York. The plaintiff makes title to a portion of the goods as purchaser from the firm of Money, Manley & Co., and the defendant seized the goods by virtue of certain attachments, delivered to him to execute, against Money, Manley & Co., in favor of certain creditors of that firm. The question litigated in the case was, whether the sale to the plaintiff was fraudulent, as against the creditors of Money, Manley & Co. At the close of the evidence, and before the judge had

charged the jury, the defendant's counsel submitted to the court a series of propositions, embracing thirteen requests, to charge the jury. The judge charged the jury quite elaborately, submitting substantially all the issues in the case to them and it is stated in the case at the close of the charges that " the court, as to the requests to charge, made by the defendant's counsel, as to each and every of the said propositions, refused to charge further, or otherwise, in respect thereto than as in the foregoing charge, and that " *the defendant's counsel thereupon excepted to the said refusal, as to each proposition, separately, and also excepted to the charge as made by the court and each and every part thereof*." The cause was submitted to the jury, who found the titles to the property in the plaintiff, and assessed the value thereof at $2,750, and the damages for the detention at $401. Judgment having been entered upon this verdict, the defendant appealed to the General Term, where the judgment was affirmed, and the defendant has appealed therefrom to this court.

*A. J. Vanderpoel*, for the appellant.

*D. McMahon*, for the respondent.

MASON, J. It is conceded by the appellant's counsel, that the most of the propositions in the judges charge are correct, and I take it to be well settled, therefore, that the defendant's exception to the charge is too general to be of any avail to the defendant on this appeal. The exception was " *to the charge made by the court, and each and every part thereof*." This is quite too general. It was held in the case of *Hart* v. *The Rensselaer and Saratoga Railroad Company* (4 Seld. R., 37), that if the charge of the court contain two propositions, and there is a general exception to the charge, a new trial will not be granted, if either of the propositions are correct. It was held in the case of *Osgood* v. *Osgood* (2 Seld. R., 233), that a general exception to the whole of the charge of the court, and each part of it, when the charge involves more than a single proposition of law, and is not in all respects erroneous,

presents no question for review upon appeal. The rule is settled in this court, that a general exception to a charge containing distinct propositions is unavailing, unless the party excepting can show that each proposition is erroneous to his prejudice. (*Haggart et al.* v. *Morgans,* 1 Seld. R., 422), and the case is not different where the exception is to the whole, and each and every part of the charge. (*Jones* v. *Osgood,* 2 Seld. R., 233; *Caldwell* v. *Murphy,* 1 Kern. R., 416.) In the latter case, the exception taken at the conclusion of the charge, was to each and every part of the charge, and it was held in this court to present no question for review, as some portions of the charge were unobjectionable.

The defendant's exceptions to the judge's refusal to charge are equally untenable. The defendant's counsel submitted thirteen distinct written propositions, upon which he requested the judge to charge. These propositions were submitted to the judge before his charge was made, and his charge substantially embraced them all, as I read it, and it is conceded that, as to most of the propositions, the charge was unexceptionable; and where the propositions are so numerous, and the judge's charge covers them generally, it is the duty of counsel to call his attention particularly to any one upon which more definite instructions are desired, to make an exception to his refusal available. (*Zabriskie and others* v. *Smith,* 3 Kern. R., 323.) An exception to a refusal to adopt, in gross, a series of propositions in the form of a request to charge, is unavailing, if the judge's charge covers the propositions substantially. The attention of the court should be drawn to each, and each should be subject of a specific ruling by the judge, and a specific exception by the party. (*Magee* v. *Badger and others,* 34 N. Y. R., 247; *Hunt* v. *Maybee,* 3 Seld. R., 273; *Magie* v. *Baker,* 14 N. Y. R., 434.) Here were thirteen distinct propositions submitted, and the judge charged, as he believed, embracing them all, and refused to charge further, and the defendant's counsel barely excepted to the refusal, as to each proposition, without in any manner calling the judge's attention to the portions he was dissatis-

fied with, which is little more than a general exception to the whole. It was an exception applying in terms to each and all of the thirteen propositions, as well those which the defendant concedes were fully charged, as those of which he complains the charge was not sufficiently explicit. When the judge had completed his charge, it was the duty of counsel to call his attention to any portion where he desired more specific instruction.

Assuming, however, that this exception is sufficient to bring under review in this court all of these thirteen propositions, in connection with the whole charge, and that we are to review the whole charge, embracing thirty-two folios of the printed case, then I have to say that an attentive examination of these requests and the charge of the judge, has satisfied me that the charge has substantially covered them all and is substantially correct. The judge is not obliged, in his charge, to adopt the language of counsel, but is at liberty to employ his own, and is not guilty of the imputation of error if he charges the request made upon him substantially correct. If anything in these requests can be said to be omitted or not specifically noticed in the charge, they are of matters which the evidence in the case did not call for the charge, or else an excuse is found in the fact that the judge should not have assumed the facts which it belonged to the jury to say whether they were established by the evidence or not.

All the judges concurring, judgment affirmed.