Allen, J.
 

 The plaintiff alleges in his complaint that the notes of Konz were deposited in the defendant’s bank for collection, and were received for that purpose, and that the defendant undertook, and it became and was its duty to demand payment or cause payment to be demanded of the notes from the maker when they became due; and in case of non-payment, to give, or cause to be given, due notice of the non-payment to the indorsers. The defendant, in answering, admits the deposit of the notes in its bank for collection, and avers that when the notes became due the defendant and its agents and notary used all due diligence to find out the residence of the maker and to present the notes to him for payment, but failed to do so, and that the failure was not caused by the carelessness or negligence of the defendant or its agents or notary. Ro issue was made upon the contract or duty of the defendant, but solely as to the performance of the duty resulting from the receipt of the notes for collection. The doctrine established by the Court for the Correction of Errors, in
 
 Allen
 
 v.
 
 Merchant's Bank
 
 (22 W. R., 215), has been repeatedly reaffirmed, and has never been questioned in this State. By the receipt of negotiable paper for collection, the bank or banker. receiving it undertakes that the necessary means shall be taken to charge the drawer, indorser and other parties upon default or refusal to pay or accept.
 

 A bank receiving a bill or promissory note for collection, whether payable at its counter or elsewhere, is liable for any neglect of duty occurring in its collection, by which any of the parties are discharged, whether of the officers and immediate servants, or other agents oí the bank, or its correspondents, or agents employed by such correspondents. (
 
 Walker
 
 v.
 
 Bank of the State of N. Y.,
 
 5 Seld., 582;
 
 Comm'l Bank of Penn.
 
 
 *574
 
 v.
 
 Union Bank,
 
 1 Kern., 203;
 
 Montgomery Bank v. Albany City Bank,
 
 3 Seld., 459.) If the bank employs a notary to present a promissory note for payment and give the proper notices to charge the parties, the notary is the agent of the bank, and not of the depositor or owner of the paper. A notary is not necessarily employed, as the service can be performed by any clerk-or other servant of the bank. This general liability may be varied by express contract or by implication arising from general usage. But it was not alleged in the answer or proved upon the trial that these notes were received under a contract other than that which the law implies from a naked deposit for collection. It was not averred in the answer that there was any contract, express or implied, limiting the liability of the defendant, and there was no proof of any custom or usage by which a bank receiving paper for collection merely undertook to place the same in the hands of a competent notary, and was not responsible for the acts or omissions of such notary. It was proved in the progress of the trial that it was usual for banks to resort to a notary, but there was nothing to show that this custom affected or varied the legal relation of the bank to its customers, or its liability for the due performance of all the acts ■ necessary to charge the parties to negotiable paper received on deposit for collection.
 

 The • president of one of the city banks testified that the custom was to demand payment of the maker of promissory notes by the clerks or. officers of the bank, or to hand them to a notary for -the purpose of demand and notice.
 

 There was evidence from others that the custom was uniform to hand them to a notary. But the practice and usage of the banks adopted for their own convenience, cannot vary the contract between them and their dealers. At' the close of the plaintiff’s evidence a motion was made to dismiss the complaint upon the ground that the bank undertook simply to hand the notes to a notary; that having done so its duty was discharged, and the remedy of the plaintiff was against that officer. At this stage of the action there was no evidence to
 
 *575
 
 take the ease out of the ordinary rule. The deposit of the note for collection being admitted by the answer, the plaintiff had proved his title, and that the indorsors were not charged; that the failure to charge them was a negligent omission of duty by the defendant and the notary employed by it. The case was then clearly within the cases cited.
 

 At the close of the trial the motion was renewed upon the same ground; and, also, for the additional reason that the custom of the banks was to hand a note, if not paid, to a notary, to have it properly protested, and that such was the direction of the depositor in this case. It had then been proved that the plaintiff had said when he deposited the notes that he wanted them protested if not paid, but by protest he intended simply a demand of payment in proper form, and at
 
 &
 
 proper
 
 time;
 
 and in case of non-payment, due and reasonable notice to the indorsers by the bank, or any of its clerks or servants, or other suitable person. This is the usual and popular meaning of the term “protest,” as used even among merchants, and the sole meaning, as used by non-commercial and unlearned men; and to hold, as matter of law, that by the use of that word he had made a special contract with the defendant, varying its liabilities as his bailee and agent for the collection of the notes, and had simply made it a special agent to employ a suitable notary for the performance of the duties incident to the collection, would be unreasonable. (Codding
 
 ton
 
 v.
 
 Davis,
 
 1 Comst., 186.) There was no foundation for the claim that there was a special contract, resulting by legal implication, from the use of the word “ protest,” for the services of the defendant in this case, by which its liability was limited, and the bailment taken out of the ordinary class of bailments of this character. But if there was any question it was for the jury as one of fact, and not for the court as one of law.
 

 The only question was as to the sense in which the word _ “protest” was used, and what the parties intended by it, and the terms of the contract as made by them.
 

 The defendant’s counsel presented sixteen requests to charge
 
 *576
 
 upon distinct points, presenting substantially the same question in divers forms and with nice distinctions. Whether they were all especially and succinctly noticed by the judge in his charge, is not important. Doubtless all that were material were responded to, but this can only be ascertained by a careful and critical study of the charge and the requests in connection. This court is not called upon to perform this task. It was for the counsel to do this upon the trial, and to take his exceptions, specifically, to any omission or refusal to charge as requested. An omission to charge any specific request may have been inadvertent, and had the attention of the judge been called to the omission, it would have been remedied. The exception is to “ the refusal to charge each of the requests submitted, except so far as embraced in the charge delivered;” and the exception to the charge is, “to every part of the charge which is inconsistent with such requests.” This court has uniformly held that exceptions in that form present no question for review. The office of an exception is to point out some specific error in
 
 law;
 
 and the counsel should, by his exception, lay his finger upon the precise request refused, or error in the charge, not only that the court may, upon the error being pointed out, correct it, but also that the court of review may not be left to spell out and dig up errors, which after they are discovered, may be more apparent than real, and may have arisen from mere inadvertence or a misapprehension upon the trial.
 

 The rule requiring exceptions to be specific and to present the very point intended to be raised, is reasonable and well settled, and to it there is no exception.
 
 (Kluender
 
 v.
 
 Lynch,
 
 4 Keyes, 364;
 
 Walsh
 
 v. Kelly, 40 N. Y., 556;
 
 Magee
 
 v. Badger, 34 N. Y., 247;
 
 Chamberlain
 
 v.
 
 Pratt,
 
 33 N. Y., 47;
 
 Hunt
 
 v.
 
 Maybee,
 
 3 Seld., 273.)
 

 The rule applied is the same in all the cases cited, and is decisive as to the exception in this case. We have, however, carefully read the charge, and every real question in the case appears to have been well and fairly submitted to the jury. Mo injustice was done the defendant. The supplemental
 
 *577
 
 brief of the counsel for the appellant has been carefully considered, and we are of the opinion that the exceptions are within the well established rule, recognized in all the cases, unavailable.
 

 The judgment should be affirmed.
 

 All concur. Folgeb, J., absent.
 

 Judgment affirmed.