Ashburn, J.
The questions we will consider arise upon the state of the bill of exceptions as exhibited in the record.
Plaintiff in error claims the court of common pleas erred to its prejudice: 1. In refusing to give to the jury certain propositions it requested; 2. In the law as given in the general charge; and, 3. In refusing to grant a new trial.
The condition of the record in this case, we think, does not authorize a reviewing court to consider either of these -questions.
I. As to the propositions refused, and the charge given.
The bill of exceptions shows that at the close of the tes timony, counsel for defendant below presented a series of propositions, nine in number, and requested the court to .give them in charge to the jury. Three points of this series of propositions the court gave to the jury, and refused to give the others. The same counsel then requested the court to reduce its charge to writing, which was done accordingly. At the close of the general charge, this exception is found : “ To which refusal of the court to charge .as requested, and to the ehai'ge as given by the court, defendant excepts.” No other exception .appears in the rec•ord.
*106 The charge as requested by defendant’s counsel, and set out in the bill of exceptions, is composed of a series of' propositions, some of which are sound principles; others of the series, either not sound or of doubtful correctness. The general charge of the court consists of several propositions, to the correctness of which, looking to the facts of the case as shown by the bill of exceptions, we discover no-substantial objection.
The exception to the special propositions refused and. the charge as given by the court being general, is not such an exception as requires this court to review the law of the-case, either upon the propositions refused or the general charge as given. The party excepting to a charge given or refused to be given, must specifically call the attention of the court to the points he claims to be erroneous, and the bill of exceptions should show the reviewing court that the attention of the court below was distinctly called, to the points there claimed to be erroneous. In this it fails.
Rex, J., in Adams v. State, 25 Ohio St. 587, so well states the doctrine on this subject that his language is here quoted and adopted: “It seems to be well settled both upon principle and authority, that in excepting to the charge of a. judge, the party excepting should at the time point out definitely the part of the charge excepted to, and state the-grounds upon which he excepts; and it is equally well settled that unless the exception directs the attention of the judge to the portion or proposition of the charge excepted to, and shows specifically and distinctly the grounds of the exception, a reviewing court is not bound to take any notice of the exception, nor look beyond the grounds of the exception thus stated.”
The doctrine of the law upon these rules is supported by numerous reported cases, and will be found more or less directly stated in Bain v. Whitehaven and Furness Junction Railway Co. et al., 3 House of Lords Cases, 1; Jones v. Osgood, 2 Seld. 233; 1 Wall. 644; 2 Wall. 328; Beaver v. Taylor et al., 3 Otto, 46; Caldwell v. Murphy, 1 Kern. 416 *107 Walsh v. Kelly, Sheriff, etc., 40 N. Y. 556; Ayrault v. The Pacific Bank, 47 N. Y. 570; Adams v. State, 25 Ohio St. 585.
In the case of Indianapolis and St. Louis Railroad v. Horst, 3 Otto, 291, it was held: “ When instructions are asked in the aggregate, and there is anything exceptionable in either of them, the court may properly reject the whole.” •
II. The question of overruling the motion for a new trial.
The bill of exceptions recites, “the plaintiff, to maintain the issue upon his part, offered the deposition of A. Harris* Jr., which was, in substance, as follows.”
At the conclusion of the testimony, it is stated, “ and there being no other or further testimony offered on either side, defendant’s counsel asked the court to charge,” etc.
The record shows that the whole of A. Harris’ deposition was offered in evidence to the jury, and that the substance only of that deposition is carried into the bill of exceptions. The jury had the whole of Harris’ deposition to consider and weigh in making up the verdict. We are asked to declare the verdict not supported by the evidence in the case, when we are furnished with but the substance of a portion of the testimony. This is not enough. The-reviewing court, in such case, must have all. the testimony that was produced and used on the trial before the jury set out in the bill of exceptions. The substance only of any part of the testimony used on the trial will not meet the requirement of the rule.
This doctrine, on the question of reviewing the action of the lower courts on overruling motions for new trials, early found favor in Ohio. In the case of Hicks v. Person, 19 Ohio, 426, it was held : “ Where a writ of error is prosecuted in the supreme court, to reverse a judgment of the court of common pleas, on the ground that the court erred in overruling a motion for. a new trial, because the verdict was against evidence, all the evidence before the jury, on the trial of the cause, must be brought before the supreme *108 ■court by bill of exception. It must be embodied in the bill of exceptions, or in some manner so made part of it, that there can be no doubt that the supreme court has precisely the same evidence before it which was before the jury.”
This role is supported by such a solid rank of authorities in this state, that we are not authorized to depart in any respect from it. Wilson v. State, 2 Ohio St. 319; Eastman v. Wright, 4 Ohio St. 157; Ide v. Churchill, 14 Ohio St. 372; Cantwell v. State, 18 Ohio St. 477.

Judgments of district and common pleas courts affirmed.

Johnson, J., did not sit in this case.