EDWARD INDIG, APPELLANT, *v.* THE NATIONAL CITY BANK OF BROOKLYN, RESPONDENT.

*Liability of a bank receiving a note for collection.*

The plaintiff, a customer of defendant, deposited with it for collection a note, payable January 27 at the Lowville Bank. The note was by defendant forwarded for collection to that bank, and at maturity paid, and on the following day it sent to the defendant a draft on a bank in New York for the amount thereof. On the same day the Lowville Bank failed and made an assignment. The draft was never paid, though duly presented. In an action by plaintiff to recover from the defendant the amount thereof, the court directed a nonsuit.

*Held,* that the defendant was liable for any neglect or misconduct on the part of the Lowville Bank, its agent, and that the court erred in granting a nonsuit.

APPEAL from a judgment of the City Court of Brooklyn, entered upon a nonsuit directed at the Circuit.

The action was removed into the Supreme Court, under the provisions of section 273 of the Code of Civil Procedure The action was brought to recover of the defendant the amount of a draft deposited with it for collection.

In this case the plaintiff was a customer of the defendant bank. He deposited the note in question with said bank for collection without instructions. Such note was payable at the Bank of Lowville, and fell due January 27, 1878 ; it was forwarded to that bank and duly paid to the last-named bank on that day. On the following day (28th) the Bank of Lowville remitted the proceeds of the note to the defendant, by its own draft on its correspondent bank in the city of New York, and on the same day—but whether before or after it sent the draft does not appear—the Bank of Low-

ville failed and made an assignment of all its property. The draft was received by the defendant and presented for payment, all in due course, but payment thereof was refused, and it has not been paid. The judge of the City Court of Brooklyn, before whom the cause was tried, nonsuited the plaintiff.

*Blumenstiel & Ascher*, for the appellant.

*William H. Hollis*, for the respondent.

GILBERT, J.:

The rule of law applicable to this case was established by a resolution of the late court for the correction of errors, as follows: " When a bank, broker, or money dealer receives upon a good consideration a note or bill for collection in the place where such bank, broker or dealer carries on business, or at a distant place, the party receiving the same for collection is liable for the neglect, omission or other misconduct of the bank or agent to whom the bill or note is sent, either in the negotiation, collection or paying over the money, by which the money is lost or other injury sustained by the owner of the note, unless there be some agreement to the contrary express or implied." (*Allen* v. *The Merchants' Bank of New York*, 22 Wend., 215.) The rule thus laid down, although not universally adopted, and sometimes questioned, has been uniformly followed by our court of last resort, and must now 'be deemed the settled law of this State. (*Montgomery Co. Bank* v. *The Alb. City Bank and others*, 3 Seld., 459; *Commercial Bank of Penn.* v. *Union Bank*, 1 Ker., 203–211; *Ayrault* v. *The Pacific Bank*, 47 N. Y., 570.) It is also in accordance with the principle on this subject as stated by Mr. J. Story. He says (Story Ag., § 231 a): " Cases may also arise where agents will be responsible to their principals for money of the latter received by sub-agents, although the money has never reached the hands of the agent. Thus, for example, if an agent is employed to collect and receive payment of bills of exchange due to the principal, and the agent transmits them to his own private agent to recover the money on the same bills, and orders such sub-agent to place the amount, when received, to his

(the agent's) credit, payment to such sub-agent is payment to the original agent, and the principal will be entitled to recover the amount from the agent, although the same may be lost by the failure and insolvency of the sub-agent, for in such case the loss properly falls on the agent and not on the principal."

I am unable to discover any ground on which this case can be withdrawn from the operation of the principle which has been established by the authorities cited. There is no lack of consideration for the undertaking of the defendant, for the incidental benefit it might receive from the deposit of the proceeds of the note was undoubtedly a sufficient consideration for the implied agreement on the part of the defendant, which has been stated. (*Bank of Utica* v. *McKinster*, 11 Wend., 473; 22 id., *supra*.) Nor has any agreement, express or implied, been shown qualifying the general liability of the defendant. Whether the loss of the proceeds of the note was attributable to negligence or misconduct on the part of the Bank of Lowville, is, in the view of the evidence most favorable to the defendant, a question of fact to be determined by the jury. Certainly it would have been error to hold as a legal proposition that negligence or misconduct was not imputable to the Bank of Lowville, for the coincidence of the sending of the draft and the failure of the bank required explanation to relieve the transaction of a taint of fraud. The judge did not so hold, but put his decision solely upon the ground that the defendant had not been negligent. That, as I have shown, was not the real inquiry on which the rights of the parties depended.

Nor can the nonsuit be sustained on the ground that the plaintiff had ratified the acts of the Bank of Lowville, for it does not appear that he had any knowledge of those acts. A man cannot ratify what he does not know.

The judgment must be reversed and a new trial must be granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.