(61 Misc. Rep. 250.)

### MELTZER et al. v. STRAUS.

(Supreme Court, Appellate Term. December 16, 1908.)

1. BROKERS (§ 86*)—COMMISSIONS—ACTIONS—EVIDENCE.

In an action by a broker for commissions for procuring a purchaser, evidence *held* to support a finding that the owner and the purchaser procured by the broker entered into a contract for the sale and purchase of the premises, authorizing a recovery of commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 116; Dec. Dig. § 86.*]

2. BROKERS (§ 63*)—AGREEMENT FOR COMMISSIONS—CONSTRUCTION.

An agreement providing for the sale and purchase of real estate, which stipulates that the contract shall be made at a specified time and place, that the commission to be paid to the broker for procuring the purchaser shall be paid on "closing of title," fixes the time when the commission shall be payable, but the actual closing of title is not a condition precedent to a recovery of the commission, and the broker, on the owner refusing to complete the sale, may recover his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 94–96; Dec. Dig. § 63.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REPETITION.

Where, in an action by a broker for commissions for procuring a purchaser, the court charged that the broker could not recover without showing an agreement between the owner and the purchaser for the sale and purchase of the real estate, and that, unless the minds of the owner and the purchaser met on all the terms of the contract, the broker could not recover, a further instruction that it was the duty of the broker to bring a purchaser whose mind and that of the owner would meet on the terms of the contract was properly refused, as covered by the instruction given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

Appeal from City Court of New York, Trial Term.

Action by Harris Meltzer and another against Herman Straus. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Rose & Putzel (Benjamin G. Paskus, of counsel), for appellant.
Jacob Manheim and Harry A. Gordon, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.   The action is to recover broker's commissions upon the sale of real property situate on the southerly side of 136th street, 100 feet east of Lenox avenue, borough of Manhattan.

In April, 1905, the defendant was the owner of four adjoining houses then in course of construction. The plaintiffs, who were real estate brokers, called upon the defendant and asked his price for the property. It was given as $185,000. The plaintiffs then procured an offer of $180,000 from Grossman & Passon, and communicated the offer to the defendant, but it was not accepted. Later the brokers brought the same persons who had theretofore made said offer to the defendant's residence where the proposed sale was discussed at length between the brokers, the buyers, the defendant and his son, and the price of $181,500 was finally agreed upon, with a brokerage of $500 to the plaintiffs. The plaintiffs testified that the terms of the sale and the arrangements as to first and second mortgages were fully discussed, and that it was agreed that the defendant should place first mortgages for $30,000 on each building at 4½ or 5 per cent. to run for three to five years, and should take purchase-money mortgages for $7,500 on each building at 6 per cent. per annum to run for one year. This testimony was corroborated by the witnesses Grossman and Passon. The defendant, however, testified that nothing was said about the rate of interest at which the mortgages were to run; but the defendant's son, called as a witness in his father's behalf, testified that, when the buyers brought up the question of interest, "we told them we could not tell what the rate of interest would be until we got to our attorney's office and found out what the condition of the market was." There was also testimony that title was to pass on receipt of the certificates of the building and tenement house departments on 15 days' notice to the purchasers. The purchasers, at the interview just referred to, deposited $1,000 on account of the purchase price, and a so-called binder was drawn up by the defendant's son, in which the receipt of the $1,000 was acknowledged "as a binder for the sale" of the property which was described and the purchase price of which was stated. Some provisions were also embodied in the "binder" as to mortgages, but the rates of interest which they were to bear were not stated. The binder further provided:

"Contract to be made on Tuesday, April 18, 1905, at 3 o'clock P. M. at the office of Rose and Putzel, 128 Broadway, N. Y. City, Commission to be paid to S. Jaffe and Harris Meltzer on closing of title."

The parties attended at the office of the defendant's attorneys on the day fixed, but the proposed contract was not signed, owing to the failure of the parties to agree upon the rate of interest which the first mortgages were to bear; the defendant requiring that the contract provide for 5½ per cent., while the purchasers refused to assent to more than 5 per cent. The plaintiffs both testified that the defendant at that time admitted having previously agreed that the rate was to be not over 5 per cent., but they testified that the defendant's attorney explained that the mortgage tax law would probably shortly be enacted and refused to draw the contract at less than 5½ per cent., and their testimony is substantially corroborated by the testimony of

the witnesses Grossman and Passon. On the advice of their attorneys, Grossman & Passon accepted the return of the $1,000 deposited by them, and the proposed sale fell through. The court left the case to the jury. Several exceptions were taken to the charge and to refusals to charge, which will be considered in the order in which they have been presented.

The appellant contends, first, that the so-called binder shows conclusively that no meeting of the minds of the parties upon the terms of the proposed sale was effected, and that consequently no brokerage was earned. The binder was introduced in evidence, but was so mutilated that its precise terms cannot be made out, and they were not supplied by oral testimony. But it was admittedly not a complete agreement, and the question was whether terms were agreed upon orally that were not incorporated in the writing. The plaintiffs' witnesses testified that they were, and, if the jury believed them, there was sufficient evidence to establish an agreement between the parties upon all essential points.

The jury were therefore at liberty to find that the plaintiffs had earned their commission unless there is something in the appellant's further point that the written agreement by its express terms, provided that brokerage was only to be paid if title was actually closed—a point raised by the motion to dismiss as well as by an exception to the charge. The agreement, as already stated, contained the clause: "Commission to be paid to S. Jaffe and Harris Meltzer on closing of title." I think, however, that this provision merely fixed the time when the brokerage should be payable if the contract was performed, and that the actual closing of title was not a condition precedent to recovery of the brokerage. Morgan v. Calvert, 126 App. Div. 327, 110 N. Y. Supp. 855. The case of Fittichauer v. Van Wyck (Sup.) 92 N. Y. Supp. 241, relied upon by the appellant, does not apply, because there the broker's commissions were not to be paid until and unless title passed. Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587, Peace v. Ross, 123 App. Div. 611, 108 N. Y. Supp. 48, and Shapiro v. Nadler, 51 Misc. Rep. 13, 99 N. Y. Supp. 879, cited by the appellant, are inapplicable for the reason that in those cases the parties had not agreed upon the terms of the contract, while in the present case there was sufficient evidence to warrant the jury in finding that the parties fully reached an agreement as to terms.

The only further exception relied on is to the refusal of the court to charge:

"That it is the duty of the brokers to bring a purchaser whose mind and that of the seller will meet all the material terms of the contract, and that the rate of the interest to be paid upon the mortgages would be a material term of the contract."

If this proposition can be taken to mean that the minds of the parties should meet one another upon the terms of the contract, then such instruction was substantially given by the court immediately after such refusal, as will be seen from the following excerpt from the record, viz.:

"Defendant's Counsel: I take an exception. · I ask your honor to charge that, unless the minds of the purchaser and seller did meet upon all the material terms of the contract, the broker has not earned his commission, and cannot recover.

"The Court: Unless the parties met upon all the terms of the contract as given by the party himself to the broker, he cannot recover, otherwise refused."

Such instruction·was in harmony with what had theretofore been charged, that it was for the jury to say what the terms of the agreement were upon which the defendant would sell the property, that the principal dispute was whether or not at the time the binder was signed anything was said about the rate of interest on the first mortgages, and that after having determined what the terms of the proposed purchase were it was for the jury to decide whether or not the defendant capriciously refused to enter into a written contract for the sale of the property. When the request first above noted was made, the court had already charged that the plaintiffs could not recover without showing by a preponderance of proof that their version of the transaction was correct, and had gone over the conflicting claims of the parties especially in regard to the rate of interest at length; the difference on that point appearing to be the sole cause of the noncompletion of the alleged contract. The request was therefore but a repetition of what the court had already charged, and hence the exception to a refusal to charge as requested is unavailing. Walsh v. Kelly, 40 N. Y. 556; Pakalinsky v. N. Y. C. & H. R. R. Co., 18 Wkly. Dig. (N. Y.) 44. As was said by the court in Walsh v. Kelly, 40 N. Y. 559:

"The judge is not obliged in his charge to adopt the language of counsel, but is at liberty to employ his own, and is not guilty of the imputation of error if he charges the request made upon him substantially correct."

It results from these views that the judgment and· order appealed from should be affirmed, with costs. All concur.