NORTH SEA DEVELOPMENT, INC., Respondent, Appellant, v. EGBERT L. BURNETT, Appellant, Respondent.

Second Department, February 14, 1930.

*Joseph K. Inness*, for the plaintiff.

*Reginald Condon Smith* [*Robert P. Griffing* with him on the brief], for the defendant.

YOUNG, J. The action is brought to recover $8,000 for real estate broker's commissions. It appears without dispute that the defendant was the owner of certain real estate in the village of Southampton, and that C. Arthur Payne, plaintiff's assignor, a real estate broker, was employed by the defendant to procure a purchaser, with whom the defendant entered into a written contract of sale, dated November 20, 1925. The purchase price was $200,000, $20,000 to be paid on the execution of the contract, $20,000 on February 20, 1926, $35,000 on April 21, 1926, and the balance, $125,000, by a purchase-money mortgage to be delivered on April 21, 1926, when the deed was to be given. The first two payments were made under the contract, namely, $40,000, and defendant paid the broker five per cent on said amount, namely, $2,000. No further payments were made by the purchaser under the contract, the purchaser claiming that there was material shortage in acreage. The purchaser thereafter brought an action against the defendant for specific performance of the contract or the return of the purchase money already paid. The trial court found for the defendant and directed the purchaser, the plaintiff there, to pay the balance on the contract with interest to the date of payment, and, in default of such payment, directed that the premises be sold as in a foreclosure action, to raise the amount of moneys due on the contract. The amount due at the time of the referee's sale was $186,450.13, including costs and interest. Upon the sale the defendant bid in the property for the sum of $50,000 and docketed a deficiency judgment against the purchaser for the

sum of $136,450.13. Thereafter, the broker's assignor commenced the present action upon the usual complaint in an action to recover broker's commissions, alleging employment, the procurement of a purchaser, and an agreement to pay commissions at the rate of five per cent; that the sale price was $200,000; that he had been paid $2,000 and that $8,000 was due. The defendant, while admitting employment, procuring cause and contract of sale, set up, by way of separate defense, that the broker, before the contract of sale was executed, agreed that his commissions should be paid him as each payment was made upon the contract and upon the amount of the mortgage provided in said contract to be given when title should pass; that, for the two payments of $20,000 each, made by the purchaser, the broker had been paid pursuant to this agreement $2,000. The answer then alleged that no further payments on account of the purchase price were ever made by the purchaser or by any one in his behalf, and no mortgage was ever given, as required by the contract of sale.

As a second defense it was alleged that the broker ratified and confirmed the agreement as to the payment of his commissions by accepting payment of commissions due him as payments were made on said contract, based upon the amount of each payment.

Thereafter the plaintiff made a motion for summary judgment under rules 113 and 114 of the Rules of Civil Practice and under section 476 of the Civil Practice Act. This motion was first denied altogether, but, upon reargument, partial summary judgment was granted to the extent of five per cent commission on $50,000, the same being the amount the defendant bid in the property for upon the referee's sale. This was done upon the theory that broker's commissions under the contract attached to the sum realized on the sale.

Upon the motion for summary judgment, plaintiff's assignor denied any binding agreement to wait until the money was paid to the defendant before receiving his commission, or to wait until the execution of the mortgage. It was then shown that the defendant was examined before trial and gave evidence as follows: " Q. Tell me again exactly what you said to Mr. Payne the first time that you saw him with reference to the commissions? A. I asked him what commissions he wanted and he told me. Q. Well, what did he say? A. 5%, and I told him that I would give him the 5% as the money was paid in. * * * Q. You agreed to pay him 5% on the purchase price, but to pay it as the money was paid in? A. To pay it as the money was paid in."

Upon this testimony, given by defendant, it is argued that it is perfectly plain that the broker had earned his commissions at the

time the contract of sale was executed and that, according to the testimony of the defendant himself, the agreement, if any, was merely to defer the payments due until payments under the contract should be made, and it is contended upon this appeal that, having earned his commissions, the failure to complete the contract was not due to any fault of the broker, and, consequently, the failure to complete, whether due to the fault of the buyer or of the seller, will not deprive him of his commissions. The case of *Colvin* v. *Post Mortgage & Land Co.* (225 N. Y. 510) is cited, in which Judge ANDREWS states the rule as follows: " Ordinarily when the seller has accepted the buyer brought him by his broker, when they have agreed upon terms and executed the contract of sale, the broker's work is done and he has earned his commissions. A failure to complete thereafter, whether due to the fault of the buyer or of the seller, will not deprive him of them."

It is then asserted that, this being the established rule, the plaintiff was entitled to his commissions as soon as the contract of sale was signed unless there was a binding agreement between the seller and the broker that the commissions were not to be deemed earned at that time, and that the burden is upon the defendant to establish such special contract.

The answer to this on the part of the defendant is that enough was shown by the affidavits submitted in opposition to plaintiff's motion to establish such agreement. Turning to these affidavits, we find as follows: The defendant Burnett stated that it was agreed between Payne and him that he was to get five per cent as the money was paid in — on the first payment of $20,000 he was to get $1,000; on the second payment of $20,000 he was to get another $1,000; and, when the deed was delivered, he was to get $8,000.

Leland Burnett stated, in his affidavit, that the defendant stated to Payne that he wanted it definitely understood that he was to get his money as it was paid in, and that Payne agreed.

Harri M. Howell stated in his affidavit that he was the defendant's attorney and prepared the contract of sale; that he asked whether the commission was to be paid immediately, or as the payments were made under the contract, and it was stated that he was to get commissions on each payment as made and on the amount of the mortgage when title passed, and that Mr. Payne made no objection to this. He was present when the contracts were signed. The defendant, appellant, argues that the agreement, as understood by both the landowner and the broker, was to pay to the broker five per cent commission on each payment as made pursuant to the contract, and that the affidavits submitted clearly show that an issue is presented as to whether or not the contract

was to pay five per cent on the purchase price or five per cent on each payment. I am unable to agree with this contention. There can be no doubt that, under the well-established rule laid down in *Colvin* v. *Post Mortgage & Land Co.* (*supra*), the plaintiff is entitled to full commissions unless the proof shows that the owner and the broker, prior to the time the contract of sale was made, agreed that the broker was to receive commissions only upon payments made under the contract. Taking the statements made in the affidavits above referred to at their full value, I cannot see that they mean anything more than an agreement between the seller and the broker that, although his commissions were earned, payment thereof should be deferred; and if such is the fact, then the failure to carry out the contract, not being the fault of the broker, would not prevent his recovery. It seems clear to me that the agreement was that, while it was admitted that the broker had earned his commissions, those commissions were to be paid him as the money was paid in to the seller by the purchaser. Upon the two installments paid in, the broker was promptly paid his commissions. There was a binding contract between the parties, and the fact that no further payments were made under the contract was not due in any way to the fault of the broker, and, under numerous authorities, it seems plain that the agreement merely fixed the time of payment of the commissions already earned by the plaintiff. (*Morgan* v. *Calvert*, 126 App. Div. 327; *Coughlan & Co., Inc.,* v. *Frankel*, 216 id. 565; *Meltzer* v. *Straus*, [App. Term] 61 Misc. 250.)

I am of the opinion, therefore, that plaintiff is entitled to summary judgment for the full amount of its claim. The order should, therefore, be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs, for the amount demanded in the complaint.

HAGARTY and CARSWELL, JJ., concur; LAZANSKY, P. J., dissents and votes to affirm; KAPPER, J., dissents and votes to deny plaintiff's motion for either partial judgment or summary judgment.

Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion for summary judgment granted, with ten dollars costs, for the amount demanded in the complaint.