Van Voorhis, J.
Plaintiff has received $16,010 (without prejudice to its claim herein) by way of brokerage commissions for procuring a purchaser to whom real property in Brooklyn has been transferred by defendant. The purchase offer was presented to defendant in a letter, in which the amount of commissions to be paid to the broker was prescribed as follows: “ This offer is made subject to a brokerage commission payable to us in accordance with the terms suggested by the Real Estate Board of Brooklyn.” Sixteen thousand and ten dollars was the amount of plaintiff’s commission, at the rate approved by said board, if computed on June 7, 1948, when the purchase offer from plaintiff’s client was made to defendant, or on September 7, 1948, which was the date specified in the contract for closing. Vendor and purchaser waived the time of closing, however, and the transfer of title did not occur until December 17th. Meanwhile, and on October 15th, the Real, Estate Board of Brooklyn raised its approved rates to such an extent that, if plaintiff’s commission were to be calculated at the increased percentage, it would have amounted to $26,250. Judgment has been awarded to plaintiff for $10,240 and interest, being the difference between this figure and the amount that has been paid to plaintiff.
Plaintiff could have laid no claim to this additional sum of money, in view of the rule that a brokerage commission is earned at the time when a prospective purchaser is procured who is ready, willing and able to buy at a price and on terms approved by the seller, had not defendant obtained a letter from plaintiff dated June 15, 1948, agreeing that whatever commission might be payable by reason of this transaction “is not to be considered to be due and payable until the time of closing title; that the payment of any such commission shall be contingent upon the purchaser being ready, willing and able to take title at the time of closing ’ ’, and that ‘ ‘ no commission will be considered to have been earned or to be due and payable until the conditions of this agreement have been fully met.” On the basis of this letter, plaintiff has contended successfully in the trial court that its commission was not earned until title to this real property passed on December 17, 1948, and that then the applicable rate of brokerage commissions in Brooklyn had been increased.
*564 In construing contracts, the substance of the transaction must be regarded in order to ascertain the intention of the parties. Plaintiff and defendant are presumed to have contracted in view of the established rule that a brokerage commission is earned when a purchaser is procured. (North Sea Development, Inc., v. Burnett, 228 App. Div. 444; 4 Williston on Contracts [Rev. ed.], § 1030A). There was clearly a time after, defend-, ant’s acceptance of the purchase offer of June 7th when defendant was legally obligated to pay to plaintiff the sum of $16,010, which plaintiff was bound to accept in full of its commission. Assuming' that subdivision 2 of section 33 of the Personal Property* Law eliminated the need for any consideration to support plaintiff’s letter to defendant of June 15th, the meaning of the letter was simply that payment of this commission, which had already become due in the sum of $16,010, was to be deferred and rendered conditional upon the actual closing of the transfer. The words “ It is further agreed that no commission will be considered to have been earned or to be due and payable until the conditions of this agreement have been fully met ” import this and nothing more. Plaintiff’s present contention depends upon a strained construction of the word “ earned ” in this communication. It is plain that nobody expected plaintiff to render additional services after the purchaser had been procured; the commission had already been earned, and this word (under the rule of ejusdem generis) is synonymous in the context with “ due ” and “ payable ” subject to “ the conditions of this agreement ”, viz., that title shall have been transferred.
An analogy may be found in cases holding that mere waiver of time of performance of a contract by the principals does not otherwise change the contract (Taylor v. Goelet, 208 N. Y. 253; Mawhinney v. Millbrook Woolen Mills, 234 N. Y. 244). Payment of the sum of $16,010 commission was merely postponed until the time of closing this transfer of title to real property, and made contingent thereon.
The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.
Peck, P. J., (xdennon, Dore and Shientag, JJ., concur.
Judgment unanimously reversed, with costs of this appeal to the appellant .and judgment is directed to be entered dismissing the complaint herein, with costs.