(PRIZE.)

### The FRIENDSCHAFT.—MOREIRA, Claimant.

The property of a house of trade established in the enemy's country is condemnable, as prize, whatever may be the personal domicil of the partners.

APPEAL from the Circuit Court of North Carolina.

The shipment in this case was made on the 31st of March, 1814, at London, by the house of trade of Moreira, Vieira & Machado, of that city, on account and risk of the house, to Mr. Moreira, one of the partners, who was a native of, and domiciled at Lisbon, in the kingdom of Portugal. The shares of the two partners, Messrs. Vieira & Machado, who were domiciled at London, were condemned as prize of war in the Court below, without appeal. The share of Mr. Moreira, the partner domiciled at Lisbon, was condemned in the Court below; but the claimant was allowed to make farther proof to be offered to this Court, and to be admitted or rejected in the discretion of the Court, as to his proprietary interest and connexion with the house of trade in the enemy's country. On the production of the farther proof, the proprietary interest of Mr. Moreira in one third part of the goods was clearly proved, and also the fact of his personal domicil at Lisbon.

Mr. *Hopkinson*, for the claimant, relied upon this *Feb. 20th.* evidence as sufficient to show, that the claimant was entitled to restitution of his share, on account of his personal domicil, notwithstanding his being a partner

in the house of trade established in the enemy's country.

Mr. *D. B. Ogden*, and Mr. *Wheaton*, contra, in-sisted, that the shipment being made by a house of trade established in the enemy's country, for the ac-count and risk of that house, the neutral domicil of one of the partners would not avail to save his share from condemnation as prize.[a] In the British tribu-nals, this principle is recognized by the highest au-thority known to the prize law, that of the Lords of Appeal, and if it be material, (as it seems to have been intimated by this Court,[b]) to distinguish whe-ther the decision was pronounced before, or since our independence, the *onus* is thrown upon the claimant to show, that the case of Mr. Coopman, decided in 1798, was determined contrary to former practice, or former precedents. It does, indeed, appear, that an erroneous notion had been adopted by some persons, that the domicil of the party was all that the prize Court had a right to consider. But in Coopman's case, that motion was exploded by the lords, and the true principle on which the cases from which it had been imbibed, were determined, was explained as ap-plying to cases *merely at the commencement of a war ;* whilst the rule, applicable to a neutral partner enter-ing into a house of trade in the enemy's country *during* the war, or continuing that connexion *after*

*a* The Nancy, claim of Mr. Coopman, cited in the Vigilantia, 1 *Rob.* 14, 15. The Susa, 2 *Rob.* 255. The Indiana, cited in the Portland, 3 *Rob.* 44.

*b* 9 *Cranch*, 198.

a declaration of war, is developed, not as a new rule then for the first time prescribed, but as the application of an anciently established principle.[a]

Mr. Justice STORY delivered the opinion of the Court. The shipment in this case was made by Moreira, Viera, & Machado, a house of trade established in London, on the account of the house, to Moreira, one of the partners in the house, who was a native of, and domiciled in, Lisbon, in the kingdom of Portugal; and the only question is, whether the share of Moreira in the shipment is exempted from condemnation by reason of his neutral domicil. It has been long since decided in the Courts of Admiralty, that the property of a house of trade established in the enemy's country, is condemnable, as prize, whatever may be the domicil of the partners. The trade of such a house is deemed essentially a hostile trade, and the property engaged in it is, therefore, treated as enemy's property, notwithstanding the neutral domicil of any of the company. The rule then, being inflexibly settled, we do not now feel at liberty to depart from it, whatever doubt might have been entertained, if the case were entirely new.