17 U.S. 105
 4 Wheat. 105
 4 L.Ed. 525
 The FRIENDSCHAFT: MOREIRA, Claimant.
 February 25, 1819
 
 1
 APPEAL from the Circuit Court of NorthCarolina.
 
 
 2
 The shipment in this case was made on the 31st of March 1814, at London, by the house of trade of Moreira, Vieira & Machado, of that city, on account and risk of the house, to Mr. Moreira, one of the partners, who was a native of, and domiciled at, Lisbon, in the kingdom of Portugal. The shares of the two partners, Messrs. Vieira and Machado, who were domiciled in London, were condemned as prize of war in the court below, without appeal. The share of Mr. Moreira, the partner domiciled at Lisbon, was condemned in the court below; but the claimant was allowed to make further proof to be offered to this court, and to be admitted or rejected in the discretion of the court, as to his proprietary interest and connection with the house of trade in the enemy's country. On the production of the further proof, the proprietary interest of Mr. Moreira in one-third part of the goods was clearly proved, and also the fact of his personal domicil at Lisbon.
 
 
 3
 Hopkinson, for the claimant, relied upon this evidence, as sufficient to show, that the claimant was entitled to restitution of his share, on account of his personal domicil, notwithstanding his being a partner in the house of trade established in the enemy's country.
 
 
 4
 D. B. Ogden and Wheaton, contra, insisted, that the shipment being made by a house of trade, established in the enemy's country, for the account and risk of that house, the neutral domicil of one of the partners would not avail to save his share from condemnation as prize. The Nancy, claim of Mr. Coopman, cited in The Vigilantia, 1 Rob. 14, 15; The Susa, 2 Ibid. 255; The Indiana, cited in The Portland, 3 Ibid. 44. In the British tribunals, this principle is recognised by the highest authority known to the prize law, that of the Lords of Appeal, and if it be material (as it seems to have been intimated by this court, 9 Cranch 198), to distinguish whether the decision was pronounced before, or since our Independence, the onus is thrown upon the claimant, to show, that the case of Mr. Coopman, decided in 1798, was determined contrary to former practice or former precedents. It does, indeed, appear, that an erroneous notion had been adopted by some persons, that the domicil of the party was all that the prize court had a right to consider. But in Coopman's case, that notion was exploded by the Lords, and the true principle on which the cases from which it had been imbibed, were determined, was explained as applying to cases merely at the commencement of a war; whilst the rule, applicable to a neutral partner, entering into a house of trade in the enemy's country, during the war, or continuing that connection, after a declaration of war, is developed, not as a new rule, then for the first time prescribed, but as the application of an anciently established principle. 1 Rob. 12, 14, 15.
 
 
 5
 STORY, Justice, delivered the opinion of the court.
 
 
 6
 The shipment in this case was made by Moreira, Vieira & Machado, a house of trade established in London, on the account of the house, to Moreira, one of the partners in the house, who was a native of, and domiciled in, Lisbon, in the kingdom of Portugal; and the only question is, whether the share of Moreira in the shipment, is exempted from condemnation, by reason of his neutral domicil? It has been long since decided in the courts of admiralty, that the property of a house of trade, established in the enemy's country, is condemnable, as prize, whatever may be the domicil of the partners. The trade of such a house is deemed essentially a hostile trade, and the property engaged in it is, therefore, treated as enemy's property, notwithstanding the neutral domicil of any of the company. The rule, then, being inflexibly settled, we do not now feel at liberty to depart from it, whatever doubt might have been entertained, if the case were entirely new.
 
 
 7
 Decree affirmed, with costs.