THE ÆTNA INSURANCE COMPANY, Plaintiff in Error, *v.* THE ALTON CITY BANK, Defendant in Error.

### ERROR TO ALTON CITY COURT.

Where a bill or note is received by a bank for collection, which renders its transmission to another place necessary, the bank discharges its duty, by sending it in due season to a competent, reliable agent, with proper instructions for its collection.

THIS was an action on the case upon promises, instituted in the Alton City Court.

There are three counts in the declaration, all setting out substantially the same state of facts.   They aver, that on the 15th day of April, A. D. 1858, at Omaha City, in the Territory of Nebraska, one William Young Brown drew his certain bill of exchange of that date, upon the Citizens' Savings Institution of the city of St. Louis, and State of Missouri, for the sum of five hundred and fifty dollars, payable ten days after sight, to the order of one Lyman Richardson.   That before said bill became due and payable, the said Lyman Richardson indorsed the same to one O. L. Richardson, and O. L. Richardson indorsed it to George L. Miller, and George L. Miller indorsed it to J. B. Bennett, and J. B. Bennett indorsed it to the said plaintiff; and that thereupon the said plaintiff indorsed and delivered the same to the said defendant for collection, on behalf of the said plaintiff.   That in consideration of the said plaintiff so indorsing and depositing said bill of exchange, to and with said defendant, said defendant undertook and promised to present the same for acceptance, and to demand payment of the same, and in case said bill was not accepted, to cause said bill to be

protested for such non-acceptance, and due notice thereof to be given to the said drawer and indorsers thereof.

That afterwards, on the 29th day of February, A. D. 1858, the said bill was presented to the said Citizens' Savings Institution for acceptance, which was refused, and that the said bill for such non-acceptance was not protested, nor was notice of such non-acceptance given to the said drawer and indorsers thereof, whereby the said plaintiff lost the said sum of money, specified in said bill, to its damage, etc.

To which declaration there was interposed a plea of the general issue.

At the September term, BILLINGS, Judge, presiding, the case was tried by the court, without the intervention of a jury, upon the following facts, agreed to by the parties, and other evidence introduced on behalf of the plaintiff, to wit :

It is agreed that the bill of exchange was drawn and indorsed, as set forth in said plaintiff's declaration, and that on or about the 27th day of April, 1858, the said plaintiff indorsed and delivered the said bill of exchange to the said Alton Bank for collection, in the usual and regular course of banking business. That on the day of said indorsement, and delivery of said bill of exchange to the said Alton Bank, the said Alton Bank, by C. A. Caldwell, its cashier, indorsed and transmitted the same for collection, to L. A. Benoist & Co., bankers, of the city of St. Louis, State of Missouri ; the proceeds of said bill, when collected by said L. A. Benoist & Co., to be placed to the credit of said Alton Bank.

That the said Citizens' Savings Institution, of St. Louis, Missouri, upon which the said bill of exchange was drawn, is situated, and does its business in the said city of St. Louis.

That on the 29th day of April, 1858, the said L. A. Benoist & Co. presented the said bill of exchange to the said Citizens' Savings Institution, the drawee of the same, for acceptance, when the acceptance of the same was refused by the said drawee, and that the said bill of exchange was not, by reason of such refusal, protested for such non-acceptance, nor was notice of such non-acceptance given to the said William Young Brown, the drawer of said bill, or to any of the said indorsers thereof.

That subsequently, on the 12th day of May, 1858, the said bill of exchange was presented by the said Benoist & Co. to the said Citizens' Savings Institution for payment, when payment was refused, and that thereupon, at the request of said Benoist & Co., the said bill was duly protested for such non-payment, and that due notice thereof was given to the said drawer and indorsers of said bill.

That the said L. A. Benoist & Co. are responsible bankers in

said city of St. Louis, where the said drawee of said bill is situated and does its business. That the said bill of exchange was indorsed by the said Alton Bank to the said Benoist & Co. for collection, in the usual and customary manner of doing business, and making collections, when bills or notes are left with the bank for collection, payable at a different place than where the bank is situated.

That when bills or notes are deposited with a bank for collection when the drawee or payer resides at a different place from the residence of the bank, it is usual and customary for the bank with which such note or bill is left, to transmit the same for collection to some responsible correspondent in the place where the payer or drawee resides. It is also the custom and duty of banks, with which notes or bills are left for collection, payable at the place where such bank is situated, or the correspondent of such bank, when the note or bill is payable at a different place than where the bank is situated, to attend and see that the same is properly protested, and due notice given to all drawers, makers and indorsers of such notes or bills, for both non-acceptance and non-payment.

In addition to which, there was also introduced, as testimony on behalf of said plaintiff, a certified copy of the record and proceedings of a suit, had and determined in the District Court of the Territory of Nebraska, upon said bill of exchange, wherein the said Ætna Insurance Company was plaintiff, and the said William Young Brown was defendant, and wherein judgment was rendered for said defendant, and against the said Ætna Insurance Company, for cost.

Which was all the evidence in the case. The court gave judgment for the defendant, and against the said plaintiff, for cost, to which plaintiff excepted.

H. L. BAKER, for Plaintiff in Error.

LEVI DAVIS, for Defendant in Error.

WALKER, J. In this case it is agreed that defendant received the bill in controversy, for collection in the usual and regular course of banking business. It is further agreed, that when a bank so receives a bill or note, on a drawee or maker residing at a place different from that of the bank, it is usual and customary for the bank to transmit the same, to a responsible correspondent, at the place of the residence of the drawee or maker, for collection. That in this case, the defendant did so transmit it to their correspondents, who were responsible bankers at the residence of the drawees. That they presented the bill to the

drawees for acceptance, on the 29th of April, 1858, which was refused, but they failed and neglected to have it protested for non-acceptance. Subsequently however, on the 12th of May following, it was presented for payment, which was likewise refused, when it was protested for non-payment. Upon this agreed state of facts, the court below rendered judgment in favor of the defendant, and the plaintiff prosecutes this writ of error to reverse that judgment.

This presents the question, whether the bank receiving such paper for collection, is bound for the acts of their correspondents, and are responsible for their negligence. Or whether their undertaking requires anything more than that they should use reasonable care and prudence in the selection of a responsible correspondent, to whom it shall be intrusted. That a bank receiving such paper for that purpose, in the usual course of business, is bound to use ordinary and reasonable care, in selecting an agent competent and responsible, there is no doubt. And a want of such precaution would clearly render them liable for consequent loss. It does not appear that there was any agreement on the part of the bank to become liable at all events, for any loss that might occur from the acts of their correspondents, and the law has imposed no such liability.

Upon an examination of the adjudged cases, it will be found that entire harmony upon this question does not prevail. In the case of the *Mechanics' Bank* v. *Earp,* 4 Rawle, 384, it was held that a bank in which bills had been deposited, having only received them for transmission to their agents for collection, at the place of the residence of the drawees, with the instructions of the depositors, was not liable for the failure of the bank to whom the bills were transmitted, to collect the money. In that case the court refers to the cases of *Lawrance* v. *Stonington Bank,* 6 Conn. 528, and the *Bank of Washington* v. *Triplett and Neal,* 1 Pet. R. 25, and *Jackson* v. *The Union Bank,* 6 Harris and John. 148, as sustaining the rule announced.

Again in the case of *The Bank of New Orleans* v. *Smith,* 3 Hill N. Y. R. 560, the court held that when a bill is left with a bank for collection, and they transmit it in due season to a competent agent at the place of the residence of the drawee with the necessary directions, that they thereby fully discharge their duty and incur no further liability. In support of the rule the court refers to the cases of *East Haddon Bank* v. *Scovil,* 12 Conn. 304, and *Fabans* v. *The Mercantile Bank,* 23 Pick. 330. The court also refer to and approve of the case of *Allen* v. *Merchants' Bank of N. Y.,* 15 Wend. 482, where the same doctrine is announced. And we find on an examination of these cases, they fully sustain the rule announced by this case.

It is true that the case of *Allen* v. *The Merchants' Bank*, 22 Wend. 215, decided by the Court of Errors, announces a different rule, and reverses the decision of the Supreme Court. In that case the decision was by a divided court, the chancellor delivering a dissenting opinion. This last case extends the rule, so that a bank receiving commercial paper for collection is liable for loss resulting from neglect, to banks receiving such paper for transmission, where loss occurs by neglect of the agent to whom it is transmitted, and makes no distinction in the two classes of cases. Where a bank receives a bill or note for collection against a drawee or maker, resident at the place of the bank, or where the bank undertakes for its collection by their own officers, there can be no doubt that it would be liable for any loss that might result from neglect. But when received for transmission, it has fully discharged its duty by sending the instrument in due season to a competent reliable agent, with proper instructions for its collection. This is manifestly the rule clearly announced in a large majority of the adjudged cases. And whatever might be our impressions if the case were one of first impression, we regard the rule too well and firmly established to feel ourselves at liberty to disturb it.

In this case it appears that the defendants received the bill in controversy for transmission for collection, and in due season forwarded it to their correspondents at the residence of the drawees. That they were competent and reliable, and that defendants in no way contributed to any loss that may have occurred. If then any liability has been incurred to the plaintiffs, it is by the St. Louis house, who became their agents, and not by the defendants. The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*