————o————

PETER FLORIAN WALSER, Respondent, vs. FREDERICK THIES, Appellant.

1. *Malicious attachment—Action for damages for—Participation of defendant in levy not necessary to.*—It is not necessary to the maintenance of an action for malicious attachment that defendant should have participated in the execution of the attachment process. If he makes out the affidavit maliciously, vexatiously and without probable cause, this is sufficient, without proof of further intervention on his part, to render him liable in damages for any resulting injury.

2. *Malicious attachment, action for—Malice—Probable cause.*—In suit for malicious attachment, malice need not be expressly proved, but may be inferr-

ed from want of probable cause. And notwithstanding proof of probable cause for attachment if from bad or malicious motives, oppressive and vexatious litigation is carried on, the action for damages will lie.

3. *Malicious attachment—Exemplary damages.*—In suit for malicious attachment, exemplary damages may be awarded.

4. *Damages, excessive—Intervention of Supreme Court.*—Before the Supreme Court can interfere on the ground of excessive damages it must appear that manifest injustice has been done.

5. *Malicious attachment and prosecution—Rules as to damages.*—The rules as to damages applicable to cases of malicious prosecution apply to actions for malicious attachment.

### *Appeal from St. Louis Circuit Court.*

*E. C. Kehr,* for Appellant.

Defendant in no wise participated in the execution of the attachment process. He neither delivered the writ to the constable nor did he direct him to levy, nor indicate to him the property to be levied on, nor was he present at any time whilst the levy was in force. (Drake At., § 730.)

To maintain this action it must appear that plaintiff in the attachment knew that he had no cause of action, and that he acted maliciously therein. (Alexander vs. Harrison, 38 Mo., 258 ; Drake At., § 734.)

There was no case made for exemplary or vindictive damages. The ingredients of "malice, violence, oppression or wanton recklessness," are wanting altogether. (Kennedy vs. North Mo. R. R. Co., 36 Mo., 351, 365 ; Franz vs. Hilterbrand, 45 Mo., 121.)

The damages, even after the *remittitur* are obviously excessive and unwarranted, and in such case the Appellate Court will award a new trial. (Pratt vs. Blakey, 5 Mo., 205 ; Woodson vs. Scott, 20 Mo., 272 ; Barth vs. Merritt, 20 Mo., 567 ; Wells vs. Sanger, 21 Mo., 354 ; Goetz vs. Ambs, 22 Mo., 170.)

*Hitchcock & Lubke,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action for damages for maliciously suing out two writs of attachment against the plaintiff and his property.

It appears that plaintiff was carrying on a boarding house and saloon business in the City of St. Louis, in a building he had rented from the defendant, and that the defendant without any previous notice, and without any probable cause, as is alleged, sued out the attachments, had the defendant's property levied upon, and his business closed up; by which he suffered great injury.

The only matters complained of in this court are first, that the Circuit Court erred in refusing to give defendant's instruction that the plaintiff was not entitled to recover; and that the court misdirected the jury on the question of damages.

With the exception of the instruction above refused, the court gave all the defendant's instructions, and they were certainly very favorable to him.

It is now insisted that it did not appear either from the pleadings or the proof, that the defendant had in any wise participated in the execution of the attachment process, and that unless that fact occurred the plaintiff had no right to resort to this action.

To support this view, Drake on Attachments, § 730, is cited and relied on. In that section the learned author quotes Marshall vs. Bether, (17 Ala., 832),,to support the proposition, that it is not sufficient in actions of this kind to aver that the defendant caused and procured an attachment to be wrongfully and maliciously and without probable cause sued out against the plaintiff, and that the writ was placed in the hands of a sheriff, and was by him executed; but that the defendant must be connected by averment with the execution of the process, by delivering the writ to the officer, or participating in his proceedings.

We are not willing to concede that it is necessary to the maintenance of the action that the defendant should in person deliver the writ to the officer, or be present and point out the property and tell him what to do. It is the duty of the court to deliver the process to its executive officer, and it is the duty of that officer to levy the attachments on whatever property may be necessary to satisfy the same. The plaintiff

in the suit sets the whole proceeding in motion by making out the affidavit, and if he does the same maliciously, vexatiously and without probable cause, and injury results from his unlawful and wrongful act, he is liable and must respond in damages.

The averment in the petition is, that the defendant did unlawfully, wrongfully and maliciously, and without probable cause sue out the attachment, and that he procured and caused plaintiff's property to be levied upon, and his business to be interrupted. This allegation is, I think, abundantly sufficient. It alleges the doing of the act and the procurement of the wrong from which the injury flowed.

If this was the result of malice, then there can be no doubt about the plaintiff's right to recover. Want of probable cause and malice lie at the foundation of the action, and constitute its fundamental elements. There may be even probable cause or grounds for the suit, but if from bad or malicious motives an oppressive or vexatious litigation is carried on, the party will be responsible. Malice need not be expressly proved, but may be inferred from want of probable cause, and the jury may look at all the circumstances in making up their verdict.

We will not undertake to weigh the evidence; but there was testimony sufficient to give the case to the jury. And the defendant's instructions concerning malice and want of probable cause, were all given and were fully as favorable as the law would warrant, and we can therefore not disturb the verdict on that account.

But it is objected that the damages are excessive. The jury returned a verdict in favor of the plaintiff for $800, but at the suggestion of the court $350 were remitted, leaving the sum of $450, for which judgment was rendered. In this case exemplary damages were permissible, but that would not justify arbitrary damages, growing out of the caprice or prejudice of the jury. But we must see that manifest injustice has been done before we would be authorized to interfere. Ordinarily, the trial court has better opportuni-

Walser v. Thies.

ties to judge of what is the correct measure of damages than we have. Taking all of the circumstances into consideration the damages are not so excessive as to warrant us in setting them aside. It was shown that up to the time when the attachment was sued out and levied, defendant was doing a fair business and making a good support for his family; that in consequence of his business being interrupted he lost his boarders, and his credit was destroyed, and he was ultimately forced to sell out and quit the business in which he was engaged. The rules as to damages, applicable in cases of malicious prosecution, apply to actions for malicious attachment. Those rules are thus expressed by Greenleaf: "Whether the plaintiff has been prosecuted by indictment, or by civil proceedings, the principle of awarding damages is the same; and he is entitled to indemnity for the peril occasioned him in regard to his life and liberty, for the injury to his reputation, his feelings and his person, and for all the expenses to which he has necessarily been subjected. And if no evidence is given of particular damages, yet the jury are not therefore obliged to find nominal damages only. Where the prosecution was by suit at common law, no damages were given for the ordinary taxable costs, if they were recovered in the action; but if there was a malicious arrest, or the suit was malicious, and without probable cause, the extraordinary costs, as between attorney and client, as well as all other expenses necessarily incurred in defense are to be taken into the estimate of damages." (2 Greenl. Ev., § 456; Drake At., § 745.)

I think the judgment should be affirmed. The other judges concur, except Judge Sherwood who is absent.