GUELICH v. THE NATIONAL STATE BANK OF BURLINGTON.

1. **Principal and Agent**: BANKS AS COLLECTING AGENTS: NEGLI-GENCE OF CORRESPONDENTS: Where the holder of a bill of exchange payable at a distant place deposits it with a local bank for collection he thereby assents to the course of business of banks to collect through correspondents, and the correspondent of the local bank to which the bill is forwarded becomes his agent and is responsible to him directly for negligence in failing to present the bill for payment within the proper time.

*Appeal from Des Moines District Court.*

SATURDAY, JUNE 18.

ACTION to recover the amount of a bill of exchange deposited with defendant for collection by plaintiff's testator, which defendant failed to present for payment to the drawee or to protest for non-payment, whereby the other parties to the paper were discharged. There was a trial to the court without a jury and judgment for plaintiff; defendant appeals. The facts of the case appear in the opinion.

*Hall & Huston*, for appellant.

*P. Henry Smyth & Son*, for appellee.

BECK J.—I. The paper in question in this suit was a foreign bill drawn in Munich, Westphalia, upon New York,

1. PRINCIPAL AND AGENT: banks as collecting agents: negligence of correspondent.

and was deposited with defendant for collection. In the usual course of business of the bank, it was sent by defendant to its correspondent, the Metropolitan Bank of New York. It may be conceded, in the view we take of the case, that, for the reason the paper was not presented for payment and protested for non-payment by the New York bank within the time required by law, the drawers and indorsers of the bill were discharged. Counsel for defendant insist that for the reason the paper was over due when received by defendant no liability attaches for

failure to protest it for non-payment. They also argue that defendant as a national bank is not liable for the default charged in the petition. These and other questions discussed by counsel we need not consider, as the decision of the case turns upon another point arising upon facts we have just stated.

II.   The question which, in our opinion, is decisive of the case, is this:   Is defendant liable for the default of its correspondent, the New York bank, in failing to present and protest the bill in due time?

The paper was deposited with defendant for collection; it was payable in New York. The course of business of defendant, and all other banks, is, in such cases, to make collections through correspondents. They do not undertake themselves to collect the bills, but to intrust them to other banks at the place payment is to be made. The holder of the paper, having full notice of the course of business, must be held to assent thereto.   He, therefore, authorizes the bank with whom he deals to do the work of collection through another bank.

We will now inquire as to the relations existing between the bank charged with the collection of the paper, and the holder depositing it with the first bank.

The bank receiving the paper becomes an agent of the depositor with authority to employ another bank to collect it. The second bank becomes the sub-agent of the customer of the first, for the reason that the customer authorizes the employment of such an agent to make the collection.

The paper remains the property of the customer, and is collected for him; the party employed, with his assent, to make the collection, must therefore be regarded as his agent.

A sub-agent is accountable ordinarily only to his superior agent when employed without the assent or direction of the principal.   But if he be employed with the express or implied assent of the principal, the superior agent will not be responsible for his acts.   There is, in such a case, a privity between the sub-agent and the principal, who must, there-

fore, seek a remedy directly against the sub-agent for his negligence or misconduct. Story on Agency, sections 217 and 313. These familiar rules of the law applied to the case, relieve it of all doubt when considered in the light of legal principles.

III. But there is conflict in the adjudged cases upon the qustion of the direct liability of the bank employed as a sub-agent to the holder of the paper, for negligence or default in its collection. The preponderance of the authorities strongly supports the conclusion we have just reached in this case. The following cases are to this effect: *Dorchester & Milton Bank v. New England Bank*, 1 Cush., 177; *Fabens v. Mercantile Bank*, 23 Pick., 330; *Lawrence v. Stonington Bank*, 6 Conn., 521; *East Haddam Bank v. Scovil*, 12 Conn., 303; *Hyde et al v. Planters' Bank*, 17 La., 560; *Baldwin v. Bank of Louisina*, 1 La. An., 13; *Aetna Insurance Co. v. Alton City Bank*, 25 Ill., 243; *Stacy v. Dane County Bank*, 12 Wis., 629; *Tiernan v. Commercial Bank*, 7 How. (Miss.), 648; *Agricultural Bank v. Commerce Bank*, 7 Sm. and M., 592; *Bowling v. Arthur*, 34 Miss., 41; *Jackson v. Union Bank*, 6 Har. and J., 146; *Citizens' Bank v. Howell*, 8 Md., 530; *Bank of Washington v. Triplett*, 1 Pet., 25; *Mechanics' Bank v. Earp*, 4 Rawle, 384; *Bellemire v. The U. S. Bank*, 1 Miles, 173; *S. C.*, 4 Wheat., 105; *Daly v. Butchers' & Drovers' Bank*, 56 Mo., 93; *Smedes v. The Bank of Utica*, 20 Johns., 373.

IV. The following cases hold that the bank to whom a bill or note is sent for collection by another bank is not the agent of the owner of the paper: *Allen v. Merchants' Bank*, 22 Wend., 215; *Downs v. Madison Co. Bank*, 6 Hill, 648; *Montgomery Co. Bank v. Albany City Bank*, 3 Seld., 459; *Commercial Bank v. Union Bank*, 1 Kern., 203; S. C., 19 Barb., 391; *Aysault v. Pacific Bank*, 47 N. Y., 570; *Indeg v. Brooklyn City Bank*, 16 Hun, 200; *Reeves v. St. Bank of Ohio*, 8 Ohio St., 465.

V. *Bradstreet v. Everson*, 72 Pa. St., 124; *Lewis &*

*Wallace v. Peck & Clark*, 10 Ala., 142, and *Pollard v. Rowland*, 2 Blackford, 22, are sometimes quoted as according with the cases last cited. We think they are distinguished from all the conflicting cases above referred to, by the fact that the parties receiving the paper, being collecting agents only, became bound either by express or implied contracts to make the collections themselves. In the other cases there was no such contract shown, but on the contrary it appears that banks in their usual course of business make collections of notes and bills at distant places through their correspondents, with the implied assent of the parties depositing such paper with them. The collecting bank thus becomes the sub-agent of, and is responsible to, the owners of the paper. See Story's Agency, Sect. 217*a* and cases cited.

The decision in *Bank of Washington v. Triplett*, 1 Pet., 25, and *Mechanics' Bank v. Earp*, 4 Rawle, 384, are based upon the ground that the paper in each case was deposited for transmission and not for collection, that is, the receiving bank undertook to transmit the paper to its correspondent and not to collect it. This very element, in our opinion, is in all the cases cited to support our position and in the case before us. Under the usage of banks, paper received for collection at the places other than the town or city where the receiving bank is located is received under the implied contract that it is accepted for transmission to correspondents at the place where it is payable. These cases, we think, are in accord with the other decisions we have cited in support of our views.

*Mackersey v. Ramsey*, 9 Clark & F., 818, is not in conflict with the doctrine we adopt. In that case the receiving bank expressly undertook to forward the paper and upon its payment to place the amount thereof to the credit of the depositor, and for the performance of its undertaking it was to receive a commission. The paper was collected by its correspondent, who failed soon after, and the bank receiving the paper from its customer never received the funds. Surely under this contract to credit its customers with the amount

of the paper upon payment, the bank would be bound to give him credit when it was paid to its correspondent and thus became directly liable for the money to the customer.

*Allen v. The Merchants' Bank*, 22 Wend., 215, which established the doctrine afterwards followed in New York, was announced by a divided court, fourteen senators concurring in the decision and ten, with Chancellor Walworth, dissenting. The case, however, has been uniformly followed in New York.

*Hoover, assignee, v. Wise et al.*, 91 U. S., 308, cited as in conflict with our views, was decided upon these facts: A money demand was first delivered by the owner to a New York collecting agency with instructions to collect the debt. It was forwarded by the agency to lawyers in Nebraska City for collection, who, knowing the insolvency of the debtor, persuaded him to confess judgment upon the claim. The money was collected and forwarded to the agency in New York, but it never reached the hands of the creditor. Proceedings in bankruptcy were instituted within four months after the confession and prosecuted to a decree. The action was brought against the creditor by the assignee in bankruptcy to recover the money collected on the ground that he had knowledge of the insolvency of the debtor when judgment was confessed by him. The court held that the attorneys at Nebraska City were not the agents of the creditor, who, therefore, was not chargeable with notice of the debtor's insolvency through the knowledge they possessed upon that subject. The facts hardly authorize the conclusion that the creditor assented to the employment of a sub-agent in Nebraska City, who should act for him. While it appears that he was informed that it would be sent to an attorney in Nebraska and that the agents received collections to be made by suits in different parts of the country, it is not shown that, under the usual course of business, the New York agents entrusted the management of collections wholly to their correspondents. The business of collecting claims by actions demands professional skill; the

collection of paper, as is always done by banks, requires its presentation and protest if not paid, and nothing more. The usages of the business of banking would raise an implied assent by the customer of a bank that the paper he deposited should be sent to a correspondent who would become his agent. It does not appear that in the business of collecting claims by suits any such usage exists. It would rather appear that parties employing agents or attorneys to bring suits would look to them alone for the proper prosecution of the action, and not to sub-agents or attorneys of whose skill they know nothing. The distinctions between the facts of that case and the one before us are obvious.

It is proper to remark that the decision was not concurred in by all the justices, three of whom unite in a dissent which presents strong objections to the opinion of the majority. We are clearly of the opinion that this case is distinguishable upon the facts from the case before us, and ought not to be regarded as in conflict with the doctrine we have above recognized.

In many of the cases above cited banks were held not to be liable for the negligence of notaries to whom paper was delivered for protest. Undoubtedly the doctrines which would relieve a bank from liability for the negligence of a notary would protect it when charged with liability for the negligent act of a correspondent.

It may be remarked that while a bank is not responsible for the defaults of proper and competent sub-agents it becomes liable if negligent in selecting incompetent and improper agents to whom it intrusts paper for collection.

We are of the opinion that the District Court erred in rendering a judgment against defendant upon the facts before it.

REVERSED.