Ide, Ex'x, v. The Bremer County Bank.

1. **Banks:** COLLECTION OF CERTIFICATE OF DEPOSIT: INTEREST. Plaintiff left with the defendant bank, October 19, 1883, for collection, a certificate of deposit made by bankers in Illinois. The certificate was dated June 18, 1883, and was payable on demand. but would have borne interest if the deposit had remained in the bank till December, 18, 1883. The bank executed and gave to plaintiff a receipt for the certificate, which stated that it was due December 18, 1883, but both parties knew that it was due on demand. The receipt stated that the certificate was to be collected "when due," and no instructions were given as to the time of collection. The defendant collected it at once, and plaintiff in this action seeks to recover of it, in addition to the principal amount, the interest which would have accrued had it been held till December 18, 1883. *Held* that the defendant was not guilty of negligence, nor any violation of agreement or instructions, and that it was not liable for the interest. (*Guelich v. Nat. State Bank of Burlington*, 56 Iowa, 434, distinguished.)

*Appeal from Bremer District Court*—Hon. G. W. Ruddick, Judge.

Friday, October, 21.

ACTION to recover interest due upon a certificate of deposit given to defendant for collection. The cause was tried without a jury, and judgment rendered for defendant. Plaintiff appeals.

*E. L. Smalley*, for appellant.

*Gibson & Dawson*, for appellee.

Beck, J.—I. The facts upon which the case was decided by the court below are not in dispute, and are as follows: October 19, 1883, plaintiff left with defendant for collection a certificate of deposit for $12,300, given by bankers in Jacksonville, Illinois. The defendant executed a receipt for the certificate in the following form and language:

Waverly, Iowa, October 19, 1883.

" Received of O. C. Ide the following certificate of deposit for collection when due:

Ide, Ex'x, v. The Bremer County Bank.

| Date. | Maker's Name. | Amount. | Int. | When Due. |
|-------|---------------|---------|------|-----------|
| June 18, '83. | M. P. Ayers & Co. | $12,300. | 3. | Dec. 18, '83. |

—Twelve thousand and three hundred doll.

L. L. Lush, Cash."

On the day of its receipt, the defendant, in the usual course of business, sent the certificate for collection to its correspondent at Chicago, a solvent national bank, which immediately collected it. The receipt recites that the certificate is to be collected when due. We understand the abstract to show that the certificate was payable upon demand. The plaintiff gave no instructions as to the time of its collection, and received no information from defendant as to the usual course of business in making collections of the character of this one. The defendant sent with the certificate instructions to collect it when it became due. The defendant's correspondent collected the face of the certificate, which was remitted to defendant and paid to plaintiff. This action is brought to recover interest on the certificate, at the rate named therein, for six months.

II. We think the judgment of the district court may be supported, on the ground that the certificate was collected pursuant to the very terms of the receipt, which declares it shall be collected when due. It was payable upon demand, and was in fact due when it was received by defendant. There was nothing in the receipt obligating defendant to hold it until the expiration of six months from its date when it would draw interest, and plaintiff gave no instructions to that effect. The statement in the receipt that the certificate became due December 18, 1883, is not correct, which we will presume was well known to both parties. This statement does not preclude the defendant from showing the fact of the maturity of the certificate at the time. In the absence of any instructions to or agreement by defendant requiring it to

hold the paper, the presumption arises that it was the purpose of the plaintiff to press its immediate collection. Had his intention been otherwise, he would not have put it in course of collection two months before the day interest would accrue thereon, when, as he now claims, he intended to present it for payment after that time. We conclude that defendant is not liable in this action, for the reason that neither its negligence nor violation of agreement or instructions has been established. The correspondent was not guilty of negligence nor violation of instructions, for the collection was made in accord with the directions given by defendant which accompanied the certificate. The rule of *Guelich v. Nat. State Bank of Burlington*, 56 Iowa, 434, is not applicable to the case.

It is our opinion that the judgment of the district court ought to be                                    AFFIRMED.