Waterloo Milling Co. v. Kuenster & Co.

o —

## Waterloo Milling Co. v. H. Kuenster & Co.

58    61
59    591
58    61
158s 259
58    61
84    183

1. BANKS—*As Collecting Agents and Debtors.*—When a bank receives paper for collection it is required, like other agents, to exercise due diligence in the discharge of the self-imposed duty, and when it collects the money and enters the same on its books as a credit, the relation of debtor and creditor is at once created.

2. SAME—*As Collecting Agents.*—When commercial paper is drawn upon or payable by a person at a distance and the drawer deposits it with his home bank for collection, it is assumed that such paper is to be handled according to the usual course of business, that is, transmitted to some solvent and reliable agency at or as near the residence of the payor as practicable, for collection.

3. SAME—*Collections by—When Agents and When Debtors, etc.*—Where a bank receives a draft for collection drawn upon a person at a distance, it has the implied power to select the agent to whom it will send the same for collection, and when selected he becomes the agent of the holder or owner of the draft so transmitted, and when such agent collects the money he becomes the debtor of the drawer and not of the bank transmitting the paper. Although the bank would become the debtor of the drawer upon its receipt of the money from the agent.

**Assumpsit,** for money had and received, etc. Appeal from the Circuit Court of Monroe County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 24, 1895.

APPELLANT'S BRIEF, JOSH WILSON AND HARTZELL & SPRIGG, ATTORNEYS.

The ordinary relation existing between a bank and its depositors is that of debtor and creditor. Johnson v. Wood, 2 Brad. 263.

Banks can only avoid responsibility by limiting their liability by express agreement. Fay & Co. v. Strawn, 32 Ill. 295; Drovers National Bank v. Anglo-American Packing Co., 18 Ill. App. 139.

Where bills or checks are deposited with a bank for collection, the bank is an agent to collect, and not merely to transmit for collection, and is liable for the neglect of any of its agents, however proper the selection may have been. Montgomery County Bank v. Albany City Bank, 3 Seld. (N. Y.) 459; Reeves v. State Bank of Ohio, 8 Ohio St. 465; Allen v. Merchants Bank, 22 Wend. (N. Y.) 215; Hoover, Assignee, v. Wise et al., 1 Otto (U. S.) 308.

Where a bank received a draft for collection and sent it to its agent, who obtained the money on it, but becoming embarrassed failed to remit, the bank became, *ipso facto*, liable for the amount received by its agent. Bradstreet v. Everson, 72 Penn. St. 124; Mackay v. Ramsay, 9 Clark & Fin. 818.

The appellees being chargeable with the receipt of the funds by themselves or agents by collection of the drafts, and having used the funds collected, are liable for the amount. Marine Bank of Chicago v. Rushmore et al., 28 Ill. 471; Corbit v. Bank of Smyrna, 2 Harr. 235; President and Bank of Kentucky v. Whister, 2 Peters, 318; Bank of Missouri v. Benoist, 10 Mo. 519; Edward v. Morris, 1 and 2 Ohio, 241.

Where a bank makes a collection for a customer, and holds the proceeds, which pass into the general funds of the bank, the relation of debtor and creditor arises, and not that of principal and agent, and all risk as to the funds is that of the bank. Edwards on Bailments, 66; Commercial Bank of Albany v. Hughes, 17 Wend. 100; Smedes v. Bank of Utica, 20 Johns. 379, 380; Chapman v. White, 2 Selden, 417; Munn v. Burch, 25 Ill. 35; Matter of Franklin Bank, 1 Paige, 249; U. S. Bank v. Bank of Georgia, 9 Wheat. 342; Corbit v. Bank of Smyrna, 2 Harr. 235; Wray v. Tuskegeo Ins. Co., 34 Ala. 58; In Matter of Stafford, 11 Barb. 354; Marine Bank of Chicago v. Rushmore, 28 Ill. 471.

While it may be said that the bank is the agent in receiving and transmitting the drafts to another bank for collection, yet when the agent collects and mingles the funds of its principal with its own, or uses them, it becomes a debtor to its principal.  In Matter of Stafford, 11 Barb. 354; Wren v. Kirton, 11 Vesey, Jr. 382; Case v. Abeel, 1 Paige, 402; Story on Agency, Sec. 228 and note, Sec. 229; Marine Bank of Chicago v. Rushmore, 28 Ill. 471.

Where a bank receives a check for collection, the instruments employed by such bank in the business contemplated are its agents, and not the sub-agents of the owner of the check.  Hoover v. Wise, 1 Otto (U. S.) 308; Reeves v. State Bank, 8 Ohio (N. S.) 465; Commercial Bank v. Union Bank, 11 N. Y. 203; Morgan County Bank v. Albany City Bank, 7 N. Y. 459.

Appellees' Brief, Travous & Warnock, Attorneys.

Where a draft is left with a bank for collection and is transmitted by it in due season to a suitable agent at the place of the residence of the drawee, with the necessary instructions, it thereby fully discharges its duty and is not liable for loss accruing through negligence of the latter. While some courts hold the bank in such cases to a greater degree of responsibility, the better reasoning and weight of authority support the rule as here stated.  Mechem on Agency, Sec. 514, page 349; Morse on Banking (2d Ed.) 414, (3d Ed.) Ch. 17; Ætna Ins. Co. v. Alton City Bank, 25 Ill. 243; Drovers Nat'l Bank v. Anglo-American Provision Co., 18 Ill. App. 191; 117 Ill. 100; Fabens v. The Mercantile Bank, 23 Pick. 330; Daly v. The Butchers & Drovers Bank, 56 Mo. 94; Laurence v. Stonington Bank, 6 Conn. 521; Citizens Bank v. Howell, 8 Md. 530; Stacyuv. Dane County Bank, 12 Wis. 629; Guelich v. Nat'l State Bank, 56 Ia. 434; Third Nat'l Bank v. Vicksburg Bank, 61 Miss. 112; Bank of Louisville v. First Nat'l Bank of Knoxville, 8 Baxt. 101; Merchants Nat'l v. Goodman, 109 Penn. St. 422; Hyde v. Planters Bank, 17 La. 560; German Nat'l Bank v. Burns, 12 Colo. 539; Bank of Lindsborg v. Ober, 31 Kans. 599; First Nat'l Bank v. Sprague, 34 Neb. 318.

The courts, which hold the bank receiving paper for collection liable for the negligence of its corresponding bank, do not so hold in cases like the present, where the undertaking is to "transmit for collection." The distinction between engaging to do a thing and engaging to procure it to be done, is recognized in all the cases. Daniel on Negotiable Instruments, Vol. 1, Sec. 345; German Nat'l Bank v. Burns, 12 Col. 539; Bank of Washington v. Triplet, 1 Peters 28–30; Exch. Nat'l Bank v. Third Nat'l Bank, 112 U. S. 275; Farmers Bank v. Owens, 5 Cranch C. C. 504.

Appellees having discharged their full duty in the premises, were entitled to recover from appellant the money paid them upon the drafts received from appellant's agent, which proved worthless, less the amount afterward received from the receiver, and the Circuit Court properly so held. Drovers Nat'l Bank v. Provision Co., 117 Ill. 100; Bank v. Cummings, 89 Tenn. 609; Rapp v. Nat'l Bank, 136 Penn. St. 426; Farmers Bank v. Owens, 5 Cranch C. C. 504.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This case was tried by the court on the following written stipulation of facts. The substance only will be given for the purpose of presenting the legal questions raised by this appeal.

The appellant, plaintiff below, is a milling company at the city of Waterloo, and has been for seven years last past; the appellees were engaged in the banking business, as partners, at said city, for eleven years last past. "On the 21st day of August, 1891, the plaintiff delivered to the defendants its thirty days' date draft on one M. J. Hayer, of Wilmington, North Carolina, for $613, with bill of lading attached, for flour shipped that day to said Hayer, the said draft to be transmitted by defendants for collection. That on the same day the draft was received by the defendants, it, together with the bill of lading attached, was sent to the First National Bank of Wilmington, N. C., with instructions to collect same and remit to the defendants. This draft was transmitted as above stated for collection, in the

usual course of business, without any special instructions, or any special arrangement as to compensation, except that the defendants were in the habit of charging plaintiff nothing except costs to them of such collection.

The plaintiff had been doing business with defendant's bank since 1886, and kept its deposits with said bank."

Eleven drafts, in all, were so drawn on parties in Wilmington, N. C., and were so transmitted, amounting in the aggregate to $1,787. Nine of the drafts were sent by appellee to the bank above mentioned, and two were sent to the bank of New Hanover, of the same city. The drafts were all collected by the banks to which they were sent. It is stipulated these banks were in good standing when the drafts were sent and that appellees exercised due diligence in their selection. It is further agreed that on the 24th day of November, 1891, the appellees received from the First National Bank of Wilmington two drafts upon the United States Bank of New York City in the aggregate for the sum of $940.25; that on the receipt of said drafts, and without intelligence of the failure of said First National Bank, said amount was paid to appellants and the drafts forwarded to New York, where they were at once protested, and nothing realized from them, the said First National Bank having failed on the 25th day of November, 1891.

It is also agreed the Bank of New Hanover, of Wilmington, also failed, and that neither bank ever remitted the collections so made by them except as above stated. The said drafts having been indorsed by appellants to appellee before their transaction, the appellees make proof before the receivers of said banks, for the amount of the several drafts in their own names. The appellees received as dividends on said drafts from the receiver of the First National Bank, the sum of $625.92, but nothing from the receiver of the Bank of New Hanover.

The declaration counted for money had and received by the defendants from divers persons, as agents of the plaintiff. The defendants pleaded the general issue and set-off.

The court below rendered judgment in favor of the defend-
ants for the difference between the amounts received by
them and the amount paid by them to appellants on the
New York drafts. That is, these drafts were for $940.25
and the amount received was $625.92.

The position of the appellees is that they were mere
agents to transmit the drafts for collection to the Wilming-
ton banks, and therefore, under the law as laid down in
Ætna Ins. Co. v. Alton City Bank, 25 Ill. 243, and kindred
authorities, they are not liable to appellants.

The position of appellant is, that while the appellees may
have been their agent in receiving the original drafts and
transmitting them for collection, yet when the money was
in fact collected by the Wilmington banks, then the agency
of appellees terminated and their relation to appellant at
once became that of debtor, under the rule of law laid
down in Marine Bank v. Bushman, 28 Ill. 463, and similar
authorities.

It is the law that when a bank receives paper for col-
lection, it is required, like other agents, to exercise due dili-
gence in the discharge of the self-imposed duty (Ætna Ins.
Co. v. Alton City Bank, 25 Ill. 243); and when such bank
collects the money and enters the same on its books as a
credit, the relation of debtor and creditor is at once created.
Marine Bank v. Rushman, 28 Ill. 471. If such paper is
drawn upon or payable by a person at a distance and the
drawer deposits the same with his home bank for collection,
it is assumed that such paper is to be handled according to
the usual course of business. That usual course is to trans-
mit the same to some solvent and reliable agency, at or as
near the residence of the payor as practicable, for collection.
The right to appoint such agent is implied in such cases for
the reason it is not intended or expected the home bank will
itself demand and receive directly the money from the payor.
The home bank is used because it is supposed to know the
proper agent to select at the point of residence of the payor.
It is well known that it is a part of its business to keep
posted on such matters. If the owner of such paper was

Waterloo Milling Co. v. Kuenster & Co.

so posted, he could send the same himself directly to such agency.

The agent so appointed becomes the agent of the holder or owner of the paper, so transmitted. Bank of Washington v. Treplett, 1 Peters 28; Guelich v. National State Bank, 56 Iowa 434; Daley v. Butchers & Drovers Bank, 56 Mo. 94; Fabens v. Mercantile Bank, 23 Pick. 332.

If, then, these Wilmington banks became the agents of appellants, when they collected the money, their relations at once became that of debtor to the appellant. Until the money was so collected their relation was that of agents, like that of appellees. Had appellees received the money then their relation would have been that of debtor. The implied contract, however, was that they continued to be such agents until the money was received from appellant's other agents, when the relation of debtor would arise.

Therefore, the relation of debtor and creditor could only exist as to the money received. Had they failed to perform their duty as agents, then an action for such breach would lie for the recovery of the damages appellants sustained.

The case of Ætna Ins. Co., 25 Ill. 243, *supra*, is directly in point. On page 247 it is said: "Where a bank receives a bill or note for collection against a drawee or maker, resident at the place of the bank, or where the bank undertakes for its collection by their own officers, there can be no doubt that it would be liable for any loss that might result from neglect. But when received for transmission, it has fully discharged its duty by sending the instrument in due season to a competent, reliable agent, with proper instructions for its collection. This is manifestly the rule clearly announced in a large majority of adjudged cases."

The case of Marine Bank v. Rushman, 28 Ill. 463, which appellant's counsel insist is in many respects parallel with the one in hand, and should alone determine this suit in favor of appellant, we do not think is applicable to the conceded facts here. That case holds on the fact, that the defendant bank only was authorized to collect the certificates in coin or its equivalent. It is there said, p. 473:

"The record nowhere shows in what description of funds the certificates were paid. There is an entire absence of proof on that point and the inference is not an unfair one that they were collected in coin or its equivalent." The bank in that case did not deny its liability but asserted a tender and its readiness to pay in " Illinois currency," which was nominated in the certificate. It did not deny that such collection had been mingled with its own funds and a credit entered in favor of the plaintiff. The court, under such facts, held that it became a debtor, and liable for full value of amount collected in coin or its equivalent.

The marked distinction in the two Illinois cases referred to is, that in the former the bank received the paper to be *transmitted* for collection to the *place* of *residence* of the payee, while in the latter case, the bank, *at the residence of the payee, received* and *collected* the paper.

It was the only agent and actually received the money. It stood in the same relation to the owner of the paper, after its collection, that the Wilmington banks did to appellant after their collection in this case.

The case of Bradstreet v. Evans, 72 Penn. St. 124, relates to an entirely different state of facts. There it is stated: "The defendant was a commercial agency in Pittsburg, *with agents throughout the United States*, for the collection of commercial paper. The court held the receipt for collection imputed an undertaking by the collecting agent himself to collect and not merely to transmit the paper to another agent. He is, therefore, liable by the very terms of his receipt. The bank, in this case, did not hold itself out as having agents already appointed to collect, nor did it give a receipt undertaking for itself to make the collection. The case of Mackay v. Ramsey, 9 Clark & Fin. 818, seems to be in line with Allen v. The Merchants Bank, 22 Wend. 215, which our Supreme Court refused to follow, as stated in the Ætna Ins. Co. case, *supra*. The case of Drovers National Bank v. Anglo-American Packing Co., 18 Ill App. 139, relates to a state of facts, where the original agent sent a certified check for collection directly to the drawees. The

East St. Louis Connecting Ry. Co. v. Eggmann.

point of that case is stated to be, " was the mailing said cer-
tified check directly to the drawees, who were primarily
liable for payment, the selection of a suitable or competent
agent for its collection." The court held that was negli-
gence, and the decision was affirmed in 117 Ill. 100. In the
case in hand it is conceded the drafts were recorded to be
transmitted for collection to other agents, and that such
agents were suitable, solvent and competent at the time.

The judgment of the court below was in harmony with
these views and it is affirmed.