ASAHEL HENRY BEACH v. A. MOSER, JR., *et al.*
No. 60.

1. GUARDIAN — *Liability for Default of Agent.* A guardian who, in good faith and using reasonable care to select a proper agent, selects one of good repute to make collection of a claim of his ward, and such agent collects the money due thereon and keeps it, is not liable to his ward for the loss.

2. BANK — *Collection — Subagent.* Where a collection is placed in the hands of a bank with authority to employ another bank to collect it, the second bank becomes the subagent of the customer of the first, for the reason that the customer authorizes the employment of such agent to make the collection.

MEMORANDUM.— Error from Morris district court; M. B. NICHOLSON, judge. Action by Asahel Henry Beach against A. Moser, jr., and others, to recover on a guardian's bond. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein was filed September 9, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows :

In April, 1884, A. Moser, jr., one of the above-named defendants in error, was appointed guardian of the estate of Asahel Henry Beach, the plaintiff in error, by the probate judge of Morris county, Kansas.    He filed his bond as such guardian, with his codefendants as his sureties thereon.    The estate of the plaintiff in error consisted of a legacy of $1,000, bequeathed to him by his uncle, Abijah I. Beach, late of the county of Richland, in the state of Ohio, and one Benjamin Woodruff was the executor of the last will and testament of said Abijah I. Beach, and one A. H. Redding was the attorney of said Woodruff, residing in Richland county, Ohio, and with whom most of the business connected with this legacy was transacted.    Mr. Moser, the guardian, was also the cashier of the Farmers and Drovers Bank of Council Grove, Kansas.    After Moser's appointment he had some correspondence with Redding, the attorney of the executor, Woodruff, in reference to the legacy, and wished Moser to take some notes due the estate of Abijah I. Beach from a Mr. Welch, who resided in Morris county, Kansas, in payment of the legacy. Mr. Moser investigated the matter and declined to do so, because Welch was not ready to pay, and informed the executor through his attorney to that effect. In July, 1884, the executor acknowledged the receipt of this information with reference to Welch, and sent a receipt for Moser to sign, asking him to send it to the Exchange Bank of Belleville, Ohio, and that the legacy would be paid soon.    Moser did as requested, and attached a draft to the receipt and sent it to the Ohio bank, using for this purpose the stationery and blank of the Farmers and Drovers Bank, but the bank

was in no way connected with this collection.   It was not charged to the bank, nor did he take any credit therefor.   He repeatedly inquired by letter to the Ohio bank, and was informed each time that the money had not been paid, but in fact the Ohio bank had received the money, and its statements to the guardian were false.   In February, 1885, the Ohio bank failed, and the guardian has been unable to collect any of said legacy.   In April, 1889, the plaintiff in error brought suit to recover the amount of this legacy, with interest thereon, from Mr. Moser and his sureties upon his bond as guardian.   Trial was had before the court and a jury, which resulted in a verdict and judgment in favor of the defendants.   The plaintiff brings the case here for review.

*J. H. Mahan*, and *D. H. Brown*, for plaintiff in error.

*J. M. Miller*, and *M. L. Ritchie*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J. :   We think the theory of this action adopted by the court below is correct — that it is an action between the guardian and his ward and not between the guardian and the Farmers and Drovers Bank — and the only issue presented by the pleadings, and the proof offered in support thereof, was whether or not the defendant Moser had or had not been negligent in the discharge of his duties.   The petition charges a breach of the condition of his bond, viz., "that he did not faithfully discharge his duties as guardian."

The answer alleges that

"he had used due care and diligence in his attempt to collect the legacy sought to be recovered in this

action, and without any fault or negligence on his part had failed to do so."

The reply denies this, and the testimony offered by the plaintiff upon the trial was unquestionably for the purpose of showing the negligence on the part of the defendant in not collecting this money from the parties the plaintiff claims were liable therefor, as well as want of diligence upon his part. But the plaintiff now contends that no question of negligence or diligence is in issue, yet he insists that the law of this case is, that "it is incumbent on a trustee to manage the trust estate in the same manner that a discreet man would manage his concerns, and he is accountable if he *neglects* to perform his duty"; that "a trustee is bound to manage and employ the trust property for the benefit of the *cestui que trust* with the care and diligence of a provident owner," and cites authorities in support thereof. We agree with him that such is the law and that it governs in this case. And it is also true that a guardian who in good faith, and using reasonable care to select a proper agent, selects one of good repute to make a collection of a claim of his ward, and such agent collects the money due thereon and keeps it, is not liable to his ward for the loss. (*Holman v. Blue*, 10 Ill. App. 130.)

A rule which would subject a guardian to a sort of fine for mere error in judgment is inapplicable to the character of the office. (*McElheny v. Musick*, 63 Ill. 328; *Landmessird's Appeal*, 126 Pa. St. 115.)

The jury passed upon this question of negligence and found in favor of the defendants, and these findings are supported by ample testimony.

"1. Did the defendant Moser use ordinary care and prudence in attempting to secure the legacy belonging to the plaintiff? Ans. Yes.

"2. Did the defendant Moser ever receive the amount of the legacy due to the plaintiff from the estate of A. I. Beach? A. No.

"3. Was the defendant Moser guilty of any negligence in attempting to secure the amount of the legacy due to the plaintiff? A. No."

Under the rule so well established in this state, the verdict will not be disturbed so far as this question is concerned.

Again, it is urged that this guardian was also cashier of the Farmers and Drovers Bank, and, as such, forwarded this draft through the bank to the Ohio bank. We cannot agree with this contention. The testimony very clearly shows that the bank was not connected with it in any way. The guardian did not act as cashier but as guardian in this transaction, nor was it in any sense a commercial transaction. The fact that a draft was attached to the receipt would not make it one, if it was substantially something else; the *substance*, not the *form*, determines the character of a transaction, contract, or document. The receipt was the essential document, and upon it the money was to be and was paid. The draft was merely ancillary. The draft was not intended as such — was not sent in the usual course of banking business, but direct to a bank convenient to the executor, and at his request. All these circumstances tend to uphold the defendant's theory of this case, that he acted as guardian and not as cashier — never supposed or treated the transaction as a contract with his bank. We think the contention of the plaintiff in error is founded upon a misapplication of a rule of commercial law, prevailing in some, repudiated in many other states, and not adopted in Kansas, to the facts of the case at bar. If we were to concede that the defendant acted as cashier in this transaction, under

the circumstances of this case, would his bank be liable to him as guardian? We think not. The Farmers and Drovers Bank would simply be the agent of the guardian to transmit the note to the Exchange Bank of Belleville, Ohio, and the latter bank would be the agent of the guardian for the collection thereof. (*Bank of Lindsborg v. Ober*, 31 Kan. 599.)

The Farmers and Drovers Bank was not only authorized to employ another agency, but was directed and instructed as to the particular one to be employed. We think the law is well settled, that where the bank receiving the paper becomes an agent of the depositor, with authority to employ another bank to collect it, the second bank becomes the subagent of the customer of the first, for the reason that the customer authorizes the employment of such an agent to make the collection. The paper remains the property of the customer, and is collected for him; the party employed with his assent to make the collection must, therefore, be regarded as his agent. A subagent is accountable, ordinarily, only to his superior agent, when employed without the assent or direction of the principal; but if he be employed with the express or implied assent of the principal the superior agent will not be responsible for his acts. There is in such a case a privity between the subagent and the principal, who must, therefore, seek a remedy directly against the subagent for his negligence or misconduct. (Story, Agency, §§ 217, 313.) These familiar rules of law applied to the case at bar relieve it of all doubt, even under the theory of the plaintiff in error.

While it must be admitted that there seems to be a variety of opinion among the very able courts that have had this question before them, yet we doubt

whether, if the cases were all carefully studied, and the facts upon which each case was decided were carefully considered, there would be as much conflict as at first seems. Undoubtedly the preponderance of the authorities supports the conclusions we have reached. The following, among others, are to this effect: *Dorchester Bank v. N. E. Bank*, 55 Mass. 177 ; *Febens v. Mercantile Bank*, 40 id. 330 ; *Lawrence v. Stonington Bank*, 6 Conn. 521 ; *East Hadam Bank v. Scoril*, 12 id. 303 ; *Hyde v. Planters Bank*, 17 La. 560 ; *Ætna Ins. Co. v. Alton City Bank*, 25 Ill. 243 ; *Stacy v. Dane Co. Bank*, 12 Mo. 629 ; *Firman v. Commercial Bank*, 7 How. (Miss.) 648 ; *Agricultural Bank v. Commerce Bank*, 7 Sm. & M. 592 ; *Bowling v. Arthor*, 34 Miss. 41 ; *Jackson v. Union Bank*, 6 How. & J. 146 ; *Citizens Bank v. Howell*, 8 Md. 530 ; *Bank of Washington v. Triplett*, 1 Pet. 25 ; *Merchants Bank v. Earp*, 4 Rowle, 384 ; *Bellmure v. U. S. Bank*, 4 Wheat. 105 ; *Daily v. Drovers Bank*, 56 Mo. 93 ; *Smedes v. Bank of Utica*, 20 Johns. 373 ; *Gurlich v. National State Bank*, 56 Iowa, 434.

It is contended that the court erred in giving certain instructions, to which the plaintiff excepted in the following manner : "To the giving of which said instructions the plaintiff then and there duly excepted and excepts." This is insufficient. A general exception to a whole charge is not available unless the whole charge is erroneous, or unless the charge in its general scope or meaning is erroneous. (*Sumner v. Blair*, 9 Kan. 521 ; *City of Atchison v. King*, 9 id. 550 ; *Ferguson v. Graves*, 12 id. 39 ; *Wheeler v. Joy*, 15 id. 390 ; *Hunt v. Haines*, 25 id. 211 ; *Yeamans v. James*, 27 id. 195 ; *Bard v. Elston*, 31 id. 276 ; *Fullenwider v. Ewing*, 25 id. 69.) The charge in this case is not subject to any such objection. There are numerous assignments of error upon the admission of testimony.

We have carefully examined and considered them, but fail to find any reversible error therein.

The judgment of the court below will be affirmed

All the Judges concurring.