Betz v. Conner.

JOHN J. BETZ, Respondent, *against* WILLIAM C. CONNER, Sheriff of the city and county of New York *et al.* Appellants.

(Decided April 1st, 1878.)

Where after a levy and sale by the sheriff of personal property of an execution debtor which before the sale is kept and used by the debtor in his own name on the premises where he resides, the property after the sale remains in the same premises still occupied by the debtor, and is used and controlled by him in all respects as before, except that after the sale he acts as agent of the purchaser at the execution sale:—*Held*, that the change of possession is constructive and not actual, and the sale is, under the Statute of Frauds, presumptively fraudulent as against creditors of the person whose property is thus sold.

The fact that the sale is made by the sheriff under a valid execution, instead of being made directly by the execution debtor to the vendee, makes no difference in the application of that statute.

Where, at the close of the case, counsel made requests to charge several propositions of law applicable to the case, and the court afterwards in its charge did not include or refer to the points requested, and subsequently on its attention being called to the omission, refused to alter its charge,—*Held*, that exceptions then taken to each refusal to charge as before requested were specifically taken and were to be considered on appeal.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict rendered at a trial before GEO. M. VAN HOESEN, J., and a jury, and from an order denying a motion made upon the minutes for a new trial.

This action was brought by Betz to recover damages for levying on and selling goods of the plaintiff in his premises at the foot of 71st street, East River, and for levying on property and interfering with plaintiff's business at the brewery at 60th street and 9th avenue. The defence was justification under executions against one Michael Groh who, it was alleged, had a leviable interest in the property in question and carried on the business at the places named.

*A. J. Vanderpoel* and *H. W. Bookstaver*, for appellants.

*Thomas Allison*, for respondent.

Joseph F. Daly, J.—The judgment debtor, Michael Groh, carried on the brewery and saloon business at 60th street and 9th avenue for a long time prior to March 11th, 1875, and on that day all his property on the premises was sold by the sheriff, under six executions issued upon judgments in favor of the German Exchange Bank against him. The plaintiff, Betz, purchased all the property at the sale. The day before the sale Betz proposed to Groh that in case he, Betz, bought the brewery he would hire Groh to run it. Immediately after the sale, by an agreement in writing, Betz hired Groh to manage the brewery at a salary of $150 a month, with the proviso that Betz might terminate the hiring by one month's notice. Groh thereupon entered upon the premises and managed the business; the old checks and bill-heads were used with the word " agent " added to Michael Groh's name; the bank account was kept in the name of " Michael Groh, agent; " but Betz furnished the money and material to carry on the business; attended to and looked after the business every day; bought the lease of the brewery which Groh held, and which was sold by the sheriff; took a new lease in his own name when that expired in September, 1875; and the business of the concern with the U. S. Revenue department was transacted in his name, and dealers with the concern were informed that he was owner; the premises (vaults) at the foot of 71st street, East River, were hired by Groh in his own name but for Betz, after the sale, and the property stored there was manufactured at the brewery at 9th avenue and 61st street under new arrangements; Groh's sign, however, remained up over the bar after the sale for about a year; Groh's name was kept on the wagons, and on the checks as well as the bill-heads; Groh and his family resided at the premises 61st street and 9th avenue after the sale as they had before it; he was general manager of the brewery after the sale; he " ran the machine," to use his own expression, for Betz.

From this, the undisputed evidence in the case, it will be

seen that there was no " actual and continued change of
possession " of the brewery and the business after the sale
by the sheriff to Betz. Groh lived there and had charge as
fully after the sale as before. It is true he was there merely
as the agent of Betz (the jury having found by their verdict
that Betz was a *bona fide* purchaser), but the change of pos-
session from Groh to Betz was constructive and not actual,
and the case was directly within the statute. (2 R. S. 136;
*Randall* v. *Parker*, 3 Sandf. 73 ; *Stout* v. *Rapelhagen*, 51 How.
75.) The possession of Groh was terminated, of course, by
the levy and sale, and he was out of possession while the
sheriff was in, but he resumed possession after the sale, under
Betz, the vendee, without any intervening change of title,
and the change of possession was therefore not "continued"
and the case was within the statute. (*Tilson* v. *Terwilliger*,
56 N. Y. 273.) The fact that the sale was made by the
sheriff to Betz under valid executions, and not by Groh
to Betz, makes no difference in the application of the statute.
(*Fonda* v. *Gross*, 15 Wend. 628 ; *Gardenier* v. *Tubbs*, 21
id. 169.) After the purchase by Betz, the plaintiff, there being
no actual and continued change of possession, the sale was
presumptively fraudulent and void against the creditors of
Groh. After the case was summed up by the counsel for
defendants, he asked the court to charge seven propositions,
the first three as follows : " I. There was no actual and con-
tinued change of possession after the sheriff's sale in March,
1765, and the title of the plaintiff, Betz, was *prima facie* fraud-
ulent and void as against the creditors of Groh. II. The
employment of the debtor, Groh, immediately after the sale
on the execution and allowing him to carry on the business
in his own name as agent did not constitute an actual and
continued change of possession of the property. III. The
presumption of fraud as against creditors which arises under
the law when the debtor remains in possession of the prop-
erty after a transfer of title does not consist in the actual
deception of the creditors, but in doing the acts with the
intent to deceive or defraud them."

The first two requests were proper and should have been

Betz v. Conner.

charged by the court. The learned judge who presided at the trial did not signify whether he would so charge or not after the requests were made by defendant's counsel; plaintiff's counsel then summed up; the court then charged the jury, but did not in any manner refer to the question of possession or the statutory presumptions arising therefrom, but he did charge substantially in accordance with the remaining four of defendant's seven requests, which related to the question of fraudulent intent and the good faith of the parties. After his charge defendant's counsel addressed the court, saying: "I ask you to make a charge as to each of my requests." The learned judge replied: "I shall decline to charge any different from what I have charged," and then addressed the jury on another proposition relating to the question of damages. Defendant's counsel then said: "I except separately to each of the requests you did not charge, and ask that you charge as made, and I make a specific request as to each of the requests and except to the specific refusal of each one of them."

This exception seems to be good, and there seems to be no force in respondent's suggestion that defendant was bound, when the judge stated that he declined to charge any different from what he had charged, to repeat in detail such of his requests as he thought had not been covered by the court's instructions to the jury. The defendant's requests were but seven in number and were made after he had summed up. The point of the first two was distinctly presented, and the court could not have overlooked it. As it was not presented to the jury, and as the learned judge declined to instruct the jury otherwise than as he had already instructed them, it is clear that he deemed the propositions unsound or inapplicable, and did not omit them from his instructions inadvertently. The cases relied on by respondent do not touch the case. In *Walsh* v. *Kelly* (40 N. Y. 556) the judge had substantially embraced all the points of the requests in his charge. In this case the charge was silent on the question of the statutory presumption. Had the charge touched upon the question in any manner, but not contained the

specific instruction requested, counsel might have been required to restate his proposition separately and take his exception to the ruling then made. In *Ayrault* v. *The Pacific Bank* (47 N. Y. 570) counsel presented sixteen requests to charge upon distinct points presenting substantially the same question in divers forms and with nice distinctions. Whether they were all especially and succinctly noticed by the judge in his charge is not important. Doubtless all that were material were responded to, but this can only be ascertained by a careful and critical study of the charge and the requests in connection. . . . . The exception is to the "refusal to charge each of the requests submitted except so far as is embraced in the charge delivered;" and the exception was also "to every part of the charge which is inconsistent with such requests." These exceptions were held to be too general.

In *Requa* v. *The City of Rochester* (45 N. Y. 129) ten propositions were submitted to the judge, who proceeded to charge the jury and substantially adopted some of the propositions. At the close of the charge the counsel excepted to the *charge* in all the particulars specified in those written requests, "so far as the judge had not charged as requested;" this exception was held not to have pointed out in what the counsel conceives the court has erred, and gave no aid for the correction of any error into which the judge had fallen. In *Zabriskie* v. *Smith* (13 N. Y. 322) "the charge covered generally the questions of law presented . . . the defendant's counsel, if he conceived that any one or more of them was *not sufficiently answered*, should again have called the judge's attention to it." In all the other cases cited by respondent's counsel, it appears that the exception to the charge was too general, or that the proposition as to which *instruction* was requested had been touched upon by the court in its charge, and counsel had neglected to point out, by an additional specific request *after* the charge, a point which the court might be reasonably supposed to have overlooked.

The simple question here is, whether in a case under the

familiar Statute of Frauds—defendant's counsel having presented seven requests to charge, two of them based upon the 5th section of the statute as to actual and continued change of possession, and the court afterwards instructing the jury but omitting all reference to the statute, or to that section, or to the question of possession, and when the counsel calls the attention of the court to his requests and the court declines to charge differently from the charge already made—the counsel is bound to restate his request. I think not. There can be no suggestion of inadvertence in omitting the charge as requested.

For the error the judgment should be reversed and a new trial ordered, with costs to abide event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.