CARR *et al. v.* JOHNSON, Sheriff.

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

1. FRAUDULENT CONVEYANCES—BURDEN OF PROOF—POSSESSION IN VENDOR.

Under 2 Rev. St. N. Y. c. 7, tit. 2, § 5, providing that where possession of goods sold is allowed to remain with the seller, the sale will be presumed to be fraudulent and void as to creditors of the seller, the burden in such case is on the purchaser to show that the sale was in good faith, and without any intent to defraud; and this rule is not changed by title 3, § 5, providing that the title of a purchaser for valuable consideration shall not be affected or impaired unless the purchaser had notice of the fraudulent intent of his immediate grantor.

2. SAME—PROVINCE OF JURY—DIRECTING VERDICT.

Under 2 Rev. St. N. Y. c. 7, tit. 3, § 4, providing that the question of fraudulent intent, where goods sold are allowed to remain with the seller, shall be deemed one of fact and not of law, the presumption of fraud in such case is conclusive in the absence of evidence of a good consideration, or that the sale was made in good faith and without any intent to defraud creditors of the seller; and in trover by the purchaser against the sheriff, who has taken the goods under an execution against the seller, a verdict is properly directed for defendant.

Appeal from circuit court, Onondaga county.

Action by Henry D. G. Carr and Philip H. W. Jones against Hector B. Johnson, as sheriff. From a judgment entered on a verdict directed by the court in favor of defendant, plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*T. D. Brewster,* for appellants.   *N. C. Watson,* for respondent.

MARTIN, J.   This action was for the conversion of a quantity of furniture, consisting of 24 hall-racks and 6 cases or cabinets, of the value of $571.05. The plaintiffs claimed title under a bill of sale given them by the owners December 11, 1889.   The property in question was never delivered to the plaintiffs, but remained in the actual possession of their vendors until it was levied upon and sold by the defendant as sheriff of Onondaga county.   It was taken and sold under and by virtue of an execution duly issued upon a judgment rendered in this court on December 19, 1889, against the plaintiffs' vendors.   On the trial the plaintiffs introduced their bill of sale in evidence, and proved that their vendors were indebted to them in the sum of about $550; but there was no proof that the bill of sale was taken in payment or discharge of such indebtedness; on the contrary, the evidence showed quite clearly that it was not.   At the close of the plaintiffs' evidence the court directed a verdict for the defendant.   The propriety of such direction is challenged by the appellants, and presents the only question involved on this appeal.   It was admitted by the plaintiffs that the property in question was in the possession of their vendors at the time of the levy and sale by the defendant.   The sale to the plaintiffs was, therefore, presumed to be fraudulent and void as against the creditors of the vendors, and was conclusively fraudulent, unless it was made to appear that the sale was made in good faith, and without any intent to defraud their creditors.   Such is the mandate of the statute.   2 Rev. St. c. 7, tit. 2, § 5.   The burden was upon the plaintiff to make it appear that the sale was made in good faith, and without any intent to defraud creditors.   *Siedenbach* v. *Riley,* 111 N. Y. 560, 568, 19 N. E. Rep. 275.   The appellants contend that the statute above referred to is modified by section 5, tit. 3, c. 7, pt. 2, Rev. St., which provides that the title of a purchaser for a valuable consideration shall not be affected or impaired unless the purchaser had notice of the fraudulent intent of his immediate grantor, and hence that the burden of proving the fraudulent intent was cast upon the defendants whenever the plaintiffs proved that they were purchasers for a valuable consideration.   This court has recently held otherwise.   In *Wallace* v. *Nodine,* 10 N. Y. Supp. 919, it was held that where there was no actual and continued change of possession the burden of estab-

lishing that the sale was in good faith and without any intent to defraud creditors or purchasers was upon the plaintiff, although a valuable consideration was proved; and that in that respect section 5 of title 3 did not change the rule established by section 5 of title 2. Moreover, the evidence in this case fails to show that the appellants were purchasers for a valuable consideration. As we have seen, there was no evidence which tended to show that the bill of sale was given or received in payment of the debt owing the plaintiffs by their vendors. We do not think this contention of the appellants can be sustained.

The appellants also claim that the question whether the sale was fraudulent was a question of fact for the jury, and that the court erred in directing a verdict. This, perhaps, presents a more difficult question. The statute provides that the question of fraudulent intent in cases arising under the provisions of the statute relating to fraudulent conveyances shall be deemed questions of fact, and not of law. 2 Rev. St. c. 7, tit. 3, § 4. It must be admitted that, in a case where the statutory presumption of fraud arising from the continued possession of the vendor stands upon one side, and upon the other there is evidence which tends to repel that presumption, the question is one of fact for the jury, and should not be taken from them, and decided by the court as a question of law. Such is not this case. In this case there was no proof which tended to repel the presumption of fraud, and by the provisions of the statute, unless it shall be made to appear that the sale was made in good faith and without intent to defraud, the continued possession of the vendor becomes conclusive evidence of fraud. We are of the opinion that where, on such a sale, there is no actual change of the possession, and no proof to show a good consideration, or that it was made in good faith, and without any intent to defraud the creditors of the vendor, as to such creditors it is conclusively fraudulent, and a court is justified in directing a verdict accordingly. *Stevens* v. *Fisher*, 19 Wend. 181; *Tifft* v. *Barton*, 4 Denio, 171; *McCarthy* v. *McDermott*, 10 Daly, 450. We think the court was justified in directing a verdict for the defendant, and that the judgment should be affirmed. Judgment affirmed, with costs.

HARDIN, P. J., concurred. MERWIN, J., concurred in the result.