### SCHUMANN *et al.* v. DAVIS.

*(Common Pleas of New York City and County, General Term. May 4, 1891.)*

GROUNDS FOR ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.

An affidavit to obtain a warrant of attachment stated facts known to the affiant and admissions by defendant showing that defendant's stock in trade had been sold under a judgment and execution in favor of his wife, and had been purchased by her; but that he remained in charge of the business, and his name over the door, and the business was conducted as before, without change. *Held*, that a presumptively fraudulent disposition of property was made out, sufficient to authorize the granting of an attachment.

Appeal from city court, general term.

Action by Theodore F. Schumann and others against John H. Davis. Defendant appeals from an order of the general term of the city court affirming an order of the special term denying a motion by defendant to vacate an attachment against his property for insufficiency of the affidavits upon which the attachment was granted.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Goodrich, Deady & Goodrich,* for appellant. *George Hahn,* for respondents.

DALY, C. J.  The point argued upon this appeal is that material facts contained in the affidavit upon which the judge granted the attachment were stated upon information alleged to be derived from one Gane, and that it was not shown that the deposition of Gane could not be procured, and that the affidavit does not state that the affiant believed the information; also that, upon the motion to vacate the attachment, plaintiffs were permitted to read the deposition of Gane in support of the original affidavits upon which the warrant was granted; and, finally, that the matters stated upon information from Gane were insufficient to support the allegation of a removal, concealment, or disposition of property with intent to defraud creditors.  All of these objections relate to the grounds of attachment based upon Gane's statements, viz.:  That the defendant secretly removed goods from his store; that the stock was depleted more than the regular demands of business called for; that defendant admitted disposing of goods secretly; that he obtained goods on credit to turn over to his wife, etc.; but there was other proof in the affidavits as to which those objections do not apply, and which was competent and sufficient to support the attachment.  It appears by the affidavit of Schumann, one of the plaintiffs, that the defendant was a merchant tailor doing business at 216 West 125th street; that he purchased cloth of the value of $169.25 from the plaintiffs between August 20, 1890, and September 12, 1890; that Schumann, having heard on October 9, 1890, that defendant had been sold out by the sheriff about September 15, 1890, under a judgment and execution in favor of his wife, called upon him at his said store, and asked him if this report was true, and defendant said it was; that Schumann then asked him if he would pay their account, and defendant said his wife was the owner of the business; yet defendant was in charge, and his wife was not there; his sign hung over and in front of the door, with his name thereon, and in all other respects the business was being conducted as usual, without any change whatever.  This evidence was sufficient to sustain the charge that the defendant had disposed of his property with intent to defraud his creditors. The defendant being in charge of the businesss, store, and property after the sale to his wife, such sale was presumptively fraudulent as against his creditors, there being no actual and continued change of possession, and such presumption continued until it was made to appear that the sale was made in good faith, and without any intent to defraud such creditors.   2 Rev. St. 136.  The presumption applies to sales of the debtor's property made by the sheriff under process in favor of *bona fide* creditors, and to conveyances by the sheriff to purchasers at such sales, where the debtor, after the sale and conveyance, resumes and continues in possession.  *Betz* v. *Conner*, 7 Daly, 550.  A case of presumptive fraudulent disposition of property was therefore made out by the defendant's own admissions, and facts within the knowledge of the affiant, Schumann, in the original affidavits upon which the attachment was granted, and the motion to vacate for insufficiency of those affidavits was properly denied.  This disposes of the only question raised by the appellant's brief.  The order must be affirmed, with costs.  All concur.