HOFFMAN *v.* GUNDRUM *et al.*

(*City Court of New York, General Term.* June 19, 1891.)

1. FRAUDULENT CONVEYANCES—INTENT—PROVINCE OF JURY.

In replevin for goods taken on execution against plaintiff's husband, defendants alleged that the bill of sale of the goods from the husband to plaintiff, under which she claimed, was made for the purpose of defrauding the husband's creditors, and introduced evidence that there was not an immediate delivery of the goods to plaintiff, "followed by actual and continuous change of possession," within 4 Rev. St. N. Y. (8th Ed.) p. 2591, § 5, which provides that a transfer of goods without such delivery, etc., "shall be presumed to be fraudulent and void as to creditors" of the transferrer. Plaintiff introduced evidence that there was a change of possession, and that the bill of sale was filed in the register's office on the day after its execution. *Held*, under 4 Rev. St. N. Y. (8th Ed.) p. 2593, § 4, which provides that the question of fraudulent intent in making a conveyance of property "shall be deemed a question of fact, and not of law," that it was error of the court, after reciting in its charge the evidence adduced by each party, to state that plaintiff's testimony overcomes that introduced by defendants, "so that it is a question of fact to be determined by you, wholly and solely, who is in reality the owner of these goods."

2. REPLEVIN—EVIDENCE OF VALUE.

In replevin for goods sold under execution against a third person, the price which the goods brought at the execution sale is not conclusive, and evidence is admissible to show their actual value.

Appeal from trial term.

Replevin by Katharina Hoffman against Hartman F. Gundrum and others. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendants appeal.

Argued before EHRLICH, C. J., and McGOWN and McCARTHY, JJ.

*Henry Hoyt,* for appellants. *B. Metzger,* for respondent.

McCarthy, J.   This action was brought to recover the sum of $1,500, the alleged value of certain chattels in replevin.   The plaintiff claimed that she became the owner of said chattels, consisting of stock, tools, and fixtures of a wheelwright and blacksmith shop in the city of New York, under a bill of sale made to her directly by her husband for the expressed consideration of one dollar.   The property was levied upon by the sheriff of the city and county of New York, under a warrant of attachment issued by the Honorable DAVID McAdam against Franz Hoffman, plaintiff's husband, at the suit of Hartman F. Gundrum, to recover $512; the other two defendants being the indemnitors, who where impleaded.   The defendants interposed separate answers, denying the title of the plaintiff, and the value of the chattels, and setting up that the bill of sale upon which the plaintiff relied was fraudulently made, as between husband and wife, to cheat and defraud the husband's creditors. Upon these issues the action proceeded to trial on October 21, 1890, and resulted in a verdict for the plaintiff of $1,200.   The usual motion for a new trial was thereupon made, and an order denying same entered thereon, and from the judgment entered upon the verdict and said order this appeal is taken.   The proof shows the plaintiff's husband, a blacksmith and wagon-maker on West Fifteenth street, being insolvent and largely indebted at the time, on the 8th day of February, 1889, made the bill of sale referred to, direct to his wife, of said business, and that subsequent to that date he remained and continued as before in possession of the business, which was transacted and carried on by him as before.   His name continued on the front of the premises, and bills for work done at the shop continued to be rendered to the customers in his name; the receipts given in his name, and the bills made out even by his daughter, who claims to know of the transfer, were made in his name; and, when inquiry was made as to the ownership of the business, the vendor, plaintiff's husband, stated he was the owner.   In fact, everything appeared to be the same as before the making of the bill of sale.   Section 5, tit. 2, c. 7, pt. 2, Rev. St. (Banks & Bros.' 8th Ed. p. 2591,) reads: "Every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear, on the part of the persons claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers;" and sections 4 and 5 of title 3, same chapter, p. 2593, are as follows: "Sec. 4. The question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact, and not of law; nor shall any conveyance or charge be adjudged fraudulent, as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration.   Sec. 5. The provisions of this chapter shall not be construed, in any manner, to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

There must be an immediate delivery, and followed by an actual and continued change of possession of the property sold, and not constructive.   There was not a continued change of possession of the property sold.   It was found after the sale in possession of the vendor by the act of the plaintiff.   The change of possession into the vendor did not continue, and was a mere form. With no other title in the mean time claimed to it than that of the plaintiff, who was the wife of the vendor, it had come, with her knowledge and assent,

into the open and notorious control and possession of the vendor. The law will not measure the lapse of time from the sale and delivery to a renewed possession by the vendor directly from the vendee, and say that a change of possession for any period will satisfy the statute. The statute is imperative that the sale must be followed by a continued change of possession, or it shall be presumed to be fraudulent. It is then upon the vendee to make it appear that the transaction was in good faith, and with no intent to defraud. *Tilson* v. *Terwilliger*, 56 N. Y. 276. The trial judge in his charge to the jury said: "Now, the evidence upon the part of the plaintiff is this: That on the 8th of February, 1889, her husband was indebted to her, with interest added, between $1,700 and $1,800; that, in payment of that indebtedness, a bill of sale was executed and delivered of the entire blacksmith shop, with its contents and plant,—if that may be a proper expression,—to the wife, the plaintiff in this case, by her husband, one Franz Hoffman; and the testimony further shows that possession was changed immediately, and that it continued in possession of the plaintiff. There is testimony, too, that the bill of sale was filed in the register's office, I believe, the following day, the 9th of February, 1889. That, gentlemen, is, in substance, the testimony on the part of the plaintiff. The defendants endeavor to overcome that by testimony seeking to show that Franz Hoffman remained in possession of the premises, and continued to have his sign in front of said premises, and issued bills for work done at said premises in his own name, after the bill of sale to his wife. Now, gentlemen, it is but fair to say, in regard to that, that the plaintiff's testimony overcomes this, so that it is a question of fact to be determined by you, wholly and solely, who is, in reality, the owner of these goods and chattels." This was error. The evidence showed clearly that there had not been an actual and continued change of possession, and, if the evidence did not show this, the judge should not have passed judgment on the facts, but have left it to the jury. He practically told them that there was no evidence on that point for their consideration, and in fact directed them to disregard the effect and weight of all testimony on that branch of the case, because, in his opinion, the plaintiff's testimony had overcome whatever testimony had been given on the part of the defendant. This was not within his province. The testimony was important for the jury to consider in determining the questions of good faith and the intent to defraud, which were questions of fact. This could not be cured by any charge of the judge on the principles of law, since he had already told them there were no facts to consider. The trial judge erred in refusing to charge the defendant's sixth and seventh requests to charge. *Betz* v. *Conner*, 7 Daly, 553; *McCarthy* v. *McDermott*, 10 Daly, 450.

James T. Moynegh was called in behalf of the defendants, and after he had testified that he was a truck manufacturer and doing business at No. 127 King street, and stating his knowledge, etc., was asked: "*Question.* Do you remember whether you gave Mr. Gundrum the amount that, in your opinion, was the market value of those five wagons? (Objected to. Objection sustained. Exception taken.) *Q.* Were you present at the sale? *Answer.* Yes, sir; the wagons realized at the sale about $600. *Q.* Was that a fair price for them? (Objected to. Objection sustained. Exception taken.)" The price obtained at a sheriff's sale or at a public auction is some evidence of value, slight or cogent, according to the circumstances to be considered by the jury in arriving at their value, but is neither conclusive nor binding. We think the judge erred in this, and the evidence should have been received. In many cases the result of a forced sale of goods ought not to influence the jury in assessing the damages. *Campbell* v. *Woodworth*, 20 N.Y. 500; *Gill* v. *McNamee*, 42 N. Y. 46. On the merits of the case, we think that the plaintiff failed to show, by a preponderance of evidence, that the transaction was in good faith, and with no intent to defraud. *Savage* v. *Murphy*, 34 N. Y. 509; *Carpen-*

*ter* v. *Roe*, 10 N. Y. 231; *Case* v. *Phelps*, 39 N. Y. 164; *Adams* v. *David-son*, 10 N. Y. 309; *Billings* v. *Russell*, 101 N. Y. 230, 4 N. E. Rep. 531. Other errors were committed during the progress of the trial, but we deem those already referred to as sufficient for the purposes of this appeal. Judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.